Jordan v. Haskell.

---

ENOS L. JORDAN *vs.* THOMAS B. HASKELL *et als.*

*What acts estop owner from denying the legality of the taking of his land.*

Where an owner of land, on which a school house has been located, petitions the county commissioners for a change of location and an increase of damages, and proceedings are fully had on such petition, he cannot afterwards maintain an action for the occupation of the lot upon the ground that there were irregularities in the proceedings to take his land.

ON FACTS AGREED.

TRESPASS *quare clausum* for the removal of a school house, belonging to district No. 8, in Cape Elizabeth, to and upon a lot of land of the plaintiff, which had been located and designated by the defendants, as selectmen of the town, as the school house lot of that district. The defendants admit and justify the doing of the acts complained of, as done in the discharge of official duty, under authority of law. There was no dispute but that the fee of the land was in the plaintiff at the time of taking it for the purposes aforesaid. The records of the district and of the proceedings in locating the lot made part of the case, but the only points raised with reference to them sufficiently appear in the opinion.

and in the abstracts of the arguments. The papers in the equity case, the report of which immediately precedes this, also made part of this case. The minority of the district, upon whose ap plication the lot was first designated for the school house, petitioned the defendants, as selectmen, September 26, 1873, to put the house upon it, and it was removed a few weeks afterward, the plaintiff's motion for a temporary injunction upon his bill in equity having been denied by the justice to whom it was made and argued. The appraised value of his land was tendered to Mr. Jor dan before he appealed from the award of the municipal officers, and the amount due according to the finding of the jury that were summoned to estimate damages, was offered to him November 10, 1873, before the house was moved, but he refused it, saying he had not sold his land and would not take any sum from them for it.

Such judgment was to be entered by this court as the law and facts require.

*F. O. J. Smith*, for the plaintiff.

I. The district meeting at which this subject was acted upon, and upon which the location by the selectmen rests, was illegally held, and its action void, because it was called by a justice of the peace, while the district had a clerk to whom no application to call it was made. That agent's affidavit that he was elected at a meeting called by one having no authority, and that he was therefore never really agent, and for that reason refused to act in that capacity, was inadmissible, not being the best evidence, and there being no explanation of the omission to furnish the best. He had acted as agent before his alleged refusal, and was therefore agent *de facto*, which is sufficient. *Brown* v. *Lunt*, 37 Maine, 428; *Tucker* v. *Allen*, 7 N. H., 131.

II. The action of the selectmen in assuming to locate was void, because there had been no "disagreement" of the district as to the plaintiff's land, or any specific lot. At the meeting of April 14, 1871, called by Charles E. Jordan, before he discovered his incapacity to act as agent, there was voted, twelve in favor to ten against, relative to moving the building to "the four corners,

near Clement Jordan's hill," but the majority was so scanty that it was thereupon immediately voted to dismiss the whole subject, and the meeting dissolved. At the meeting of May 6, 1871, there was only a vote, fifteen to eleven, to move the school house, without specifying any place or vicinity to which it should be moved! R. S., c. 11, § 24, cl. 2; *Tozier* v. *School District No. 2 in Vienna*, 39 Maine, 556; *Powers* v. *Sanford*, Id., 186.

III. The judicial proceedings are inadmissible, because there can be no such recognition by an individual of illegal official acts, done ostensibly under statute authority, and relating to the public interests, as to give them validity. *Pope* v. *Linn*, 50 Maine, 85 ; *Commonwealth* v. *Metcalf*, 2 Mass., 118. They are shown now to have been based upon an erroneous construction of the plaintiff's rights and of the defendants' acts, and so ought not to estop him.

*Howard & Cleaves*, for the defendants.

The proceedings of the meeting of school district No. 8, held March 25, 1871, were illegal because called by Charles P. Jordan who was elected at the meeting held April 9, 1870, of which no notice was ever given : and consequently that of May 6, 1871, called by a justice of the peace, was the only safe basis of action. R. S., c. 11, §§ 18, 19 and 60; *Fletcher* v. *Lincolnville*, 20 Maine, 439. The plaintiff has sanctioned and adopted all subsequent proceedings and made them the basis of legal action, thereby waiving all legal objections to them. *Pinkham* v. *Chelmsford*, 109 Mass., 229.

PETERS, J. The defendants were selectmen of the town of Cape Elizabeth. They are sued for removing a school house to a lot upon the land of the plaintiff, which had been taken for that purpose by the officers of the town. The plaintiff denies the validity of the location. The points relied on in support of his position are, that the meeting of the school district in which the proceedings for a location originated was not a legal one, because called by a justice of the peace when the district had an agent who should have called it; and that the vote at this meeting, which

was the foundation of the proceedings which resulted in the location subsequently made, was indefinite and incomplete and therefore void. Other minor matters of objection are found upon the plaintiff's brief, but they are not much urged.

As to the first point: It seems that the person alleged to have been an agent, was chosen at a meeting no notice of which appears to have been given, as far as the records disclose, and none was shown or attempted to be shown *aliunde* the record. Such person, although he took the oath of office when elected, afterwards regarded himself as illegally chosen, and for that reason "declined and refused" to act. As to the second objection: The vote was "to move and repair the school house the present year." But there had been at a previous meeting the same spring, (which proved a nullity for want of a proper call,) a vote, which at this meeting was in the minds of those present, in favor of locating "at or near the four corners known as Clement Jordan's hill." The municipal officers afterwards established the location at that place by metes and bounds. The district indirectly ratified the location, after it was made by the town officers, by votes in reference to it; such as a refusal "to change the location . . . made by the municipal officers . . to the location where the house now stands;" and a vote, "to choose a committee to move and repair the house," after the location was established.

It is not necessary for us to decide, whether the objections taken to the validity of the location would have any importance under other circumstances or not. We are clearly of the opinion that they are not such as the plaintiff can take an advantage of. He has waived them. It seems that after damages were awarded to him for the land taken, he petitioned the county commissioners for a jury to consider the question of a change of location and to get his damages increased. He succeeded in getting the damages somewhat increased. The proceeding involved a protracted and expensive litigation. It imposed upon the district nearly four hundred dollars of additional costs. This was undoubtedly a waiver by the plaintiff of any mere irregularities in the location, if such

exist. The very foundation of his petition was that there had been a valid location. He had substantially to aver or count upon it. It is too late, to await the end of that proceeding, and being dissatisfied with the result of it, to repudiate it altogether, in order to set up new grounds of opposition totally inconsistent therewith. The case of *Pinkham* v. *Inhabitants of Chelmsford,* 109 Mass., 225, cited by the defendants, is in point.

The plaintiff claims, even if the location was legal, that the lot reverted to him, because no school house was placed thereon for two years after the land was taken. This point has been decided adversely to the plaintiff in another case.

*Judgment for the defendants.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and VIRGIN, JJ., concurred.