BENJAMIN M. BOSWORTH, Appellant, *vs.* THE CITY OF PROVIDENCE, Appellee.

At the trial of an appeal from the action of the Board of Aldermen of Providence laying out a highway, neither appellant nor appellee submitted evidence as to the necessity of the highway, the appellant waiving all reasons of appeal except the amount of his damages.

The court held that the appellee was the moving party, and instructed the jury that, since neither appellant nor appellee produced evidence as to the necessity of the highway, that question was not in issue, and that a verdict should be rendered on the question of damages simply.

*Held*, no error.

*Held*, further, that the verdict fixing the damages was in the circumstances sufficient to warrant a decree establishing the highway.

APPELLEE'S petition for a new trial.

*May* 24, 1890. PER CURIAM. This is a proceeding for the layout of Bassett Street, so called, in the city of Providence, as a highway. It was taken to the Court of Common Pleas on appeal from the board of aldermen of said city, the highway having been established by said board. In the Court of Common Pleas the appellant went to the jury simply on the question of damages, waiving his other grounds of appeal, one of which was that the highway was not necessary. The appellee declined to submit any evidence that it was necessary, and contended that the jury must find it to be necessary before they could find a verdict for the appellant for damages. The court instructed the jury that the appellee, which was the moving party, having offered no proof that it was necessary and the appellant no proof to the contrary, the question was not put in issue before them, and that they should give their verdict simply on the question of damages. The appellee excepted. The jury found a verdict for the appellant for $470 damages. The appellee petitions for a new trial for alleged error in the instructions given as aforesaid.

The court below, on the trial, recognized the appellee as the moving party, and accorded to it, as such, the opening and the close. The appellee accepted the privilege, and went on to lay before the jury its evidence on the question of damages after the court had declared that it was not incumbent on the appellant to prove that the highway was necessary before he could have a ver-

dict for damages. The question is, whether, in such circumstances, it was competent for the appellant, waiving the other questions raised by the appeal, to go to the jury simply on the question of damages. The statute, Pub. Stat. R. I. cap. 64, § 12, declares, in regard to appeals from the doings of town councils or boards of aldermen in laying out highways, that "such appeals shall be tried in the same manner as other civil causes." We see no reason why the appellant could not, waiving all questions raised by his appeal, submit to a decree in favor of the appellee; and, if he could waive all the questions, we see no reason why he could not waive all but the single question of damages. It is true that, in this case, the appellee declined both to submit any proof that the highway was necessary, and to accept the appellant's admission that it was necessary, claiming that it was not necessary; but, in doing this, it was attempting to disaffirm its own record, which it could not be permitted to do so long as it continued to prosecute the proceeding. The appellee contends that the verdict as returned is insufficient to warrant the decree establishing the highway, because it does not find its necessity. Perhaps it would have been better if the appellant had filed his waiver of the other questions raised by the appeal in writing; but still, inasmuch as the jury could not properly have found a verdict for the appellant for damages, unless such other questions were either found in favor of the appellee or waived by the appellant, we think that, in the absence of any objection on the part of the appellant, the court may well presume that they were either so found or waived, and enter a decree establishing the highway in reaffirmance of the decree appealed from. And see, as to the effect of admission or waiver, *Dyckman* v. *The Mayor, etc., of New York,* 5 N. Y. 434, 440; *Railway Co.* v. *Ramsey,* 22 Wall. 322, 327; *Jordan* v. *Haskell,* 63 Me. 193; Mills on Eminent Domain, §§ 324, 326.

*Petition dismissed.*

*Irving Champlin,* for appellant.
*Nicholas Van Slyck,* City Solicitor, for appellee.