WILLIAM B. GREENOUGH, Attorney-General, *vs.* SCHOOL COMMITTEE OF PAWTUCKET.

JANUARY 5, 1906.

PRESENT: Douglas, C J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Certiorari.  Reviewing Action of School Committee.*

The action of a school committee in changing certain text-books in use in the schools under its control is an administrative duty, not a judicial one, and can not be reviewed by *certiorari.*

(2)  *Common-Law Limitations of Certiorari.*

In this State the common-law limitations of *certiorari* prevail which confine it to the review of the judicial action of inferior courts or of public officers or bodies exercising under the law judicial or quasi judicial functions.

CERTIORARI.  Heard on petition for writ, and dismissed.

(1)  DOUGLASS, C. J.  This is a petition for a writ of *certiorari* to review the action of the school committee of Pawtucket in voting "to change certain of the text-books heretofore for a long time used in the public schools of said city," and "to purchase certain new text-books to take the place of those so as aforesaid heretofore used."

We are of the opinion that *certiorari* does not lie in such a case.  The selection of text-books by the school committee is an administrative or legislative duty, not in any sense a judicial

one.   While, like most administrative duties, it involves the use of judgment and discretion, it is not a judicial determination of rights or contested issues such as constitutes a judgment of court.

The exact question before us was decided in *People* v. *Oakland Board of Education*, 54 Cal. 375, where the court held that the action of the board in adopting a series of readers for the public schools in lieu of a series previously in use was an exercise of legislative, not of judicial, power and could not be reviewed by *certiorari*.   The court quote with approval the language of Mr. Justice Field in the Sinking Fund Cases, 99 U. S. Rep. 761, as follows: "The distinction between a judicial and legislative act is well defined.   The one determines what the law is and what the rights of the parties are with reference to transactions already had; the other prescribes what the law shall be in future cases arising under it.   Wherever an act undertakes to determine a question of right or obligation or of property as the foundation upon which it proceeds, such act is to that extent a judicial one and not the proper exercise of legislative functions."

This, in our opinion, is a clear and just statement of the rule which applies to the case at bar, and the deductions of the California court are logical and convincing.   The votes of the committee determined no contested rights, but directed future action on the principle of policy or expediency.   This action was legislative, not judicial.

(2)   It is well settled that in this State the common-law limitations of *certiorari* prevail which confine it to the review of the judicial action of inferior courts or of public officers or bodies exercising under the law judicial or quasi judicial functions. *Dexter* v. *Town Council of Cumberland*, 17 R. I. 222; *Lonsdale Company* v. *License Commissioners*, 18 R. I. 5; *State* v. *Board of Aldermen of Newport*, Ib. 381; *Smith* v. *Town Council of Burrillville*, 19 R. I. 61.

The petition must be dismissed.

*Hugh J. Carroll*, for petitioner.
*Barney & Lee*, for respondents.