Frank W. Coy Real Estate Co. *et al v.*
James M. Pendleton, Town Treasurer.

FEBRUARY 26, 1924.

Present: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Highways. Town Councils. Condemnation Proceedings.*
The owner of land aggrieved by the action of a town council or its committee in the condemnation of land for highway purposes has the right of appeal and such proceedings are intended for the protection of the landowner alone and against such owner the statutory procedure must be strictly observed.

*(2) Highways. Town Councils. Condemnation Proceedings.*
Where a town council had jurisdiction of the matter of the improvement of a highway, and commenced proceedings for that purpose and as a result of such proceedings, through the waiver acquiescence and agreement of the owners obtained the land for its purpose and did in fact widen and straighten the highway which became a part of the highway system of the town, legal effect should be given to the action of the town council although irregular, as a proceeding under the statute.

*(3) Highways. Condemnation Proceedings. Waiver.*

When the power of condemnation is within the jurisdiction of the body assuming to exercise it, irregularities in procedure may be waived by a party whose interests are affected by such irregularities.

*(4) Highways. Condemnation Proceedings. Waiver.*

Where the proceedings of a town council in taking and for highway purposes although irregular, were effectual to take the land, the committee appointed to survey bound and mark out the lines of the highway were also empowered to agree with the landowners for their damages.

*(5) Highways. Condemnation proceedings.*

Where the agreement for damages made by the committee appointed by a town council, under proceedings to take land for highway purposes, was recited in the deeds given by the landowners to the town, the deeds being accompanied by a plat of the layout of the highway as it related to the land described in the deed, and the deeds were approved by the town council and ordered to be recorded, and it appeared that the deeds were founded upon verbal reports made to the council and that the deeds and the agreements with the landowners were founded upon the final survey of the committee and that the agents of the town undertook to carry out and did in part perform the work provided for in the agreements as to damages; there was evidence from which it might properly be found that the town council approved and ratified the action of the committee in surveying bounding and marking out the improvement in question and in making the agreement with the landowners.

*(6) Highways. Condemnation Proceedings. Evidence.*

In proceedings relating to the taking of land by a town for highways purposes question to plaintiff as to whether there had been any abandonment of the old road by the town was properly excluded, as under the statute the abandonment of an existing highway should be a matter of record.

*(7) Highways. Condemnation Proceedings.*

Where under an agreement by plaintiff with the committee appointed by a town council to mark out a highway and agree upon damages one of the provisions of such agreement, was that the town was to abandon an old highway and the land in the abandoned highway was to revert to plaintiff, such provision was entirely without force, since the power to abandon highways was exclusively within the power conferred upon town councils, and if the parties by the expression "the town" intended to refer to the town council, the provision was ineffectual for that body could not by such agreement bind itself as to its future judgment in the semi-judicial proceedings for the abandonment of the old highway; and further if the land included in the old highway was held by the town in fee it would be beyond the power of the town council to give it to plaintiff by way of damages for the taking of plaintiff's land for the new highway; but such provision of the agreement whether immaterial or ultra vires, would not render the remainder of the agreement, void.

*(8) Highways. Condemnation Proceedings. Damages.*

When land is taken by a town for highway purposes the damages include not only compensation for the land taken but also damages caused to the remaining land; this would include the cost of work necessarily to be done to fit the remaining land to the changed conditions.

*(9) Highways. Condemnation Proceedings. Damages.*

Plaintiff waived compensation for land taken for highway purposes, and instead of providing money compensation for the remaining damages, an agreement between plaintiff and the committee appointed by the town council under the statute provided that the town council should do the things found to be necessary to fit the land to the changed conditions. *Held* that it was proper for the town council to do such work which appeared to be reasonably connected with the damage to the remaining land of plaintiff.

*Held further* that the town should perform its undertaking before the delivery of the deed by the plaintiff called for by the agreement, for the land taken;

*Held further* that the cost of completing the work in accordance with the agreement, was the proper measure of damages and plaintiff should have been permitted to show it.

Action of the Case. Heard on exceptions of plaintiff and certain exceptions sustained.

Sweetland, C. J., This is an action of the case to recover damages for the alleged breach of a written contract between the plaintiffs and the town council of the town of Westerly, acting as officers of said town, in connection with the widening and the straightening of a certain highway in Westerly known as the Shore Road.

The case was tried before a justice of the Superior Court sitting with a jury. At the conclusion of the plaintiffs' evidence the defendant moved that the plaintiffs be nonsuited on the ground that the committee who assumed to act for the town council in making the contract exceeded their authority, and further that if the town council had authorized or had ratified the contract the same was *ultra vires* of the town council. Upon these grounds the justice nonsuited the plaintiffs. The case is here upon the plaintiffs' exception to the action of said justice in nonsuiting the plaintiffs and upon exceptions to certain rulings of said justice made in the course of the trial.

Town councils of the several towns have authority under statute to order new highways laid out, and to widen, straighten or change the location of any part of existing highways in their respective towns. Secs. 1 and 28, Chap. 95, Gen. Laws, 1923. In the exercise of these powers a town council may take land by condemnation and for such taking certain procedure is prescribed by statute. Secs. 2 to 7 inclusive, Chap. 95, Gen. Laws, 1923. The owner of land so taken who is aggrieved by the doings of the town council (1) or its committee may appeal to the Superior Court. It is plain that the proceedings are intended for the protection of the landowner alone and the right of appeal is given to him exclusively. Against the owner of the land sought to be taken the statutory procedure must be strictly observed.

The town council of Westerly in 1905 wished to have said Shore Road, then existing, constructed by the State Board of Public Roads and become a state road. As a preliminary to such action by the state board the town council intended to widen, straighten and change the location of a part of said road, and began proceedings with that end in view. Considered as proceedings for the condemnation of land for highway purposes their action was irregular in many particulars. It resulted however in the town council obtaining possession of the land required and using it for highway purposes. It is clear that each owner of land taken would have been supported in a claim that the town was a trespasser upon his land, and he might have had the proceedings of the town council set aside upon appeal, save for the following circumstance. Each landowner by his conduct waived objection to the irregularity of the proceedings and agreed to the taking of his land. The statute provides that upon proceedings for the taking of land for the layout of highways or to widen and straighten existing highways a committee shall be appointed by the town council, which shall mark out the new highway or the changed lines of an existing highway. This committee

shall agree with the owners of the land taken for the damages they shall sustain if any, "and in case they cannot agree with the owner the town council shall value and appraise the damage if any." Secs. 4 and 28, Chapter 95, Gen. Laws, 1923.

Treating the land taken for the improvement of the Shore Road as properly taken, to be used for highway purposes, the committee of the town council and each of the landowners, who had sustained damage, agreed as to the amount of such damage. A strip of land across the farm of these plaintiffs was taken and the plaintiffs agreed in writing with the committee as to compensation therefor. It is for the alleged breach of the agreement that this action was brought.

The defendant claims that the committee was not authorized by the town council to make this agreement and that the agreement was not ratified by the council. The principal contention is that the contract was *ultra vires* of the committee and of the council. The town council had jurisdiction of the matter of improving the Shore Road. It commenced proceedings for that purpose, and as a result of such proceedings, through the waiver, acquiescence, and agreement of the owners, it obtained the land for its purpose and did in fact widen and straighten the Road. As improved the Road became a part of the highway system of the town. Legal effect should be given to the action of the town council as a proceeding under the statute.

It has been said by this court that the power of a town council to take land for highway purposes is solely through the process of condemnation provided by statute, and the proceedings therein prescribed must be strictly observed. That has always been held with reference to proceedings in which the land owner is objecting, when as to him the action of the town council is *in invitum*. It is however established with reference to the exercise of the right of eminent domain, generally, that when the power of con-

demnation is within the jurisdiction of the body or the officer assuming to exercise it, irregularities in procedure may be waived by a party whose interests are affected by such irregularities. That this is the effect of such waiver in cases relating to appeals from the condemnation of land for highway purposes has been recognized in *Bosworth* v. *City of Providence*, 17 R. I. 58, in which case the court cites with approval *Dyckman* v. *Mayor &c. of N. Y.*, 5 N. Y. 434, *Jordan* v. *Haskell*, 63 Me. 193 and Mills on Eminent Domain, §§324, 326. Also the subject was very fully considered and the same conclusion reached in *State* v. *Richmond*, 26 N. H. 232. In *Attorney General* v. *Shepard*, 23 R. I. 9, it was held that, in proceedings to abandon a highway in Providence, the failure of the Board of Aldermen to appoint the committee prescribed by statute, for the purpose of negotiating as to any damage sustained, did not render the abandonment proceedings void, when the owners of the land through which the highway passed had waived their claims to damages.

The defendant has laid much stress upon the case of *Chapman* v. *Pendleton*, 34 R. I. 160. The case is inapplicable here. It is a prerequisite to the validity of an agreement as to damages between the committee of the town council and the landowners, or of the action of the town council itself in valuing and appraising the damages, that the proceedings as a whole shall be effectual for taking the land. In *Chapman* v. *Pendleton*, the proceedings under which the highway was attempted to be laid out were quashed in the Superior Court upon appeal, hence an agreement to do work upon the premises of a landowner abutting upon land which the town council ineffectually tried to take for highway purposes or to pay him money damages for land, which it could not take, was plainly beyond the power of the town council. If the action of the town council in taking the land, in that case, had been supported upon appeal then under Section 4, Chapter 95, General Laws, 1923, there might have been

an agreement binding upon the town to compensate the landowner for the damages he had sustained.

Our conclusion is, that in the circumstances, the action of the town council was effectual in law to take the plaintiffs' land. If follows from that conclusion that under the provisions of the statute the committee appointed to survey, bound and mark out the line of the Shore Road as improved, were also empowered to agree with the landowners for their damages. In accordance with the irregularity which marked most of the acts of the town council and of the committee in this matter, there does not appear upon the town council records any formal approval of a plat of the final layout of the road as it was afterwards constructed, or formal approval of a report of the committee upon their agreement with the several landowners as to damages. It does appear in evidence, however, that in the case of each of a number of landowners the agreement for damages made by the committee with such owner is recited in a deed given by the landowner to the town, granting the land taken for highway purposes. In each instance the deed was accompanied by a plat, prepared by the committee, of the layout of the road as far as it related to the land described in the deed. These deeds were formally approved by the town council and ordered recorded in the land evidences of the town. Each of said deeds now appears upon record together with the accompanying plat. It also appears in evidence that "these deeds were founded upon verbal reports" "made to the town council from time to time," and that the deeds and the agreement with the plaintiffs were founded upon the final survey of the committee. It further appears in evidence that the agents of the town council undertook to carry out and did in part perform the work provided for in the plaintiff's agreement as to damages. There was evidence from which it might properly be found that the town council approved and ratified the action of the committee in surveying, bounding and marking out the improve-

ments in question, and in making the agreement with the plaintiffs which is the basis of this suit.

The plaintiffs excepted to the ruling of the said justice excluding an answer to the following question propounded to one of the plaintiffs: "Has there been any abandonment (6) of the old road by the town?" The ruling was correct. Under the statute the abandonment of an existing highway should be a matter of record. The result of formal proceedings. The discussion of the plaintiffs' objection before the justice and his ruling took a wider scope than the formal question objected to, and, as another trial must be had, we think it advisable to pass upon all that seemed to the parties and the court to be involved in the objection.

One of the provisions of the plaintiffs' agreement with the committee was that "the town is to abandon the old highway . . . and the land in the abandoned highway to revert to us." It was said in *Smart* v. *Johnston*, 17 R. I. 778, that a town in its corporate capacity has no power to lay out a highway. This is exclusively within the power conferred upon town councils, as public officials with well (7) defined powers and duties in that regard. The same is equally true with reference to the power to abandon highways, hence the provision that "the town is to abandon the old highway" is entirely without force. If the parties by the expression "the town" intended to refer to the town council, the provision is ineffectual, for that body could not by this agreement bind itself as to its future judgment in the semi-judicial proceedings for the abandonment of the old highway. If the old highway should be abandoned, and it should be found as the plaintiffs contend that the old highway was simply an easement over the plaintiffs' property the land therein would revert to the plaintiffs without further action of the town council. If the land included in the old highway was held by the town in fee it would be beyond the power of the town council to give it to the plaintiffs by way of damages for the taking of plaintiffs' land for the new highway. This provision

of the agreement however whether it is immaterial, or *ultra vires* of the town council, would not render the remainder of the agreement void.

(8) The plaintiffs excepted to the ruling of the justice excluding evidence as to the cost of completing the work called for by the terms of the agreement for damages. When land is taken by a town for highway purposes the damages include not only compensation for the land taken, but also damages caused to the remaining land. That would include the cost of work necessarily to be done to fit the remaining land to the changed conditions. The plaintiffs waived compensation for the land taken. Instead of providing money compensation for the remaining damages the agreement provides that the town council shall do the things which were found to be necessary. We think that the town council might reasonably agree to do the work itself, and this disposition of the matter would probably have resulted in advantage to the town. The work which the (9) town council undertook to perform appears to be reasonably connected with the damage to the plaintiffs' remaining land. The agreement also provides that the plaintiffs shall execute and deliver to the town a deed of the land taken. The justice properly construed the agreeement to mean, that the town should perform its undertaking thereunder before the delivery of the deed. Said justice, however, refused to permit the plaintiffs to introduce evidence as to the cost of completing the work in accordance with the contract on the ground that the contract was executory. We regard the agreement as one made under the statute, and the town's undertaking to be based upon the executed consideration that the town council had irrevocably taken the plaintiffs' land for highway purposes. In *State v. Coy*, 44 R. I. 357, we held that upon the facts as they appeared in that case the plaintiffs intended by this agreement that the public should at once acquire an easement in the new way. It then became the duty of the officers of the town to perform the work agreed upon. It

is true that the plaintiffs have agreed, upon the complete performance of that work, to give the town a deed of the land taken. The nature of the deed is not specified. The provision might be construed, in the light of the circumstances, and in view of the conditions in the deeds given to the town by the other landholders, as an agreement for a deed granting land for highway purposes only. Such a deed would add nothing to what the town already has. Whatever should be held to be the nature of the deed, however, when the town performs its obligation, or pays the amount of the judgment in this case, if it shall be found to be in default, then the town will become entitled to whatever deed was in the contemplation of the parties. The plaintiffs should have been permitted to show the cost of completing the work in accordance with the agreement. In the circumstances that is the proper measure of damages in the cause. The measure is not the decrease in rental value of the farm as has been claimed; nor is it any consequences which do not naturally arise from the breach of the agreement.

The plaintiffs' exception to the ruling of said justice excluding evidence as to the cost of completing the work provided for in the contract, and also the exception to the action of the justice in nonsuiting the plaintiffs are sustained.

The other exceptions of the plaintiffs are overruled.

The case is remitted to the Superior Court for a new trial.

*John J. Dunn, Waterman & Greenlaw, Edwin J. Tetlow,* for plaintiff.

*John Ferguson, Jr.,* for defendant.