MANUEL J. GODENA *et al. vs.* ALFRED B. GOBEILLE *et al.*

JULY 11, 1958.

PRESENT: Condon, C. J., Roberts, Andrews, Paolino and Powers, JJ.

ROBERTS, J. This is a petition for certiorari to review the action of the respondents as members of the town council of the town of Jamestown, hereafter called the town council, whereby they abandoned a portion of Eldred avenue,

a public highway in that town. Pursuant to the writ the pertinent records in the case have been certified to this court. When we issued the writ the petitioners were ordered to show cause why their petition should be granted.

It appears from the record that Eldred avenue crosses the island of Conanicut from the Jamestown Bridge on the west shore to the waters of the East Passage of Narragansett Bay on the east shore. It is not disputed that Eldred avenue was laid out as a public highway by the town council on March 27, 1939. The subject matter of the abandonment procedure in dispute was that portion of Eldred avenue which extends easterly from the easterly line of East Shore Road to Narragansett Bay.

In this state the authority to vacate or abandon a highway is conferred upon the town councils of the several towns under the provisions of general laws 1956, chapter 24-6. Section 24-6-1 provides for the abandonment of such a highway by order of a town council and for the giving of notice of its action to the owners of land abutting upon that part of the highway which has been abandoned. Said §24-6-1 reads as follows:

> "Whenever, by the judgment of the town council of any town, a highway or driftway in said town, or any part of either, has ceased to be useful to the public, the town council of said town is authorized so to declare it by an order or decree which shall be final and conclusive; and thereupon the title of the land upon which such highway or driftway or part thereof existed shall revert to its owner, and the town shall be no longer liable to repair the same; provided, however, that the said town council shall cause a sign to be placed at each end of such highway or driftway, having thereon the words 'Not a public highway,' and after the entry of the said order or decree shall also cause a notice thereof to be published in a newspaper published in the county in which the said land lies at least once each week for three (3) successive weeks, and a further and personal notice shall be served upon every owner of

land abutting upon that part of the highway or drift-
way which has been abandoned who is known to reside
within this state; but nothing herein contained shall
in any manner affect any private right-of-way over the
land so adjudged to be useless as a highway or driftway,
if such right had been acquired before the taking of
such land for a highway or driftway."

In §24-6-2 the statute directs that notice concerning any
proposed abandonment be given "to the owners of the lands
abutting upon any part of such highway or driftway within
the town to appear, if they see fit, and be heard for or
against such abandonment, and as to the damage, if any,
which they will sustain thereby." Said section then pre-
scribes the time and manner in which such notice shall be
given.

In §24-6-3 of the statute it is provided that the town
council shall upon abandonment of a highway ascertain the
damages sustained by the owners of land abutting on any
part of the highway by reason of the abandonment and that
the council shall "appraise and award such damages." Sec-
tion 24-6-4 provides that any person aggrieved by an order
or decree awarding damages for such an abandonment is
entitled to have a jury trial upon that question upon peti-
tion therefor to the superior court.

It appears from the record that at a meeting of the town
council on November 14, 1957, councilman Francis R.
Costa, one of the respondents herein, reported to the coun-
cil on the condition of that portion of Eldred avenue lying
between East Shore Road and Narragansett Bay and rec-
ommended that it be abandoned as a public highway. The
council thereupon voted to hold a meeting on December 9,
1957 "to consider a proposal that the Town of Jamestown
abandon as a public highway that part of Eldred Avenue
which lies between the easterly line of East Shore Road and
Narragansett Bay * * *." In the resolution the council also
directed that notice be given to all owners of land abutting
on said Eldred avenue by personal service and that their

vote so taken be published in the press as is provided for by statute.

On December 9, 1957 the proposed meeting was held and a report of the council committee on highways was presented which contained a recommendation that the above-described portion of Eldred avenue be abandoned. Several persons in attendance at the meeting were permitted by the council to make statements on the proposed abandonment as were legal counsel who represented several objectors to such abandonment. Thereafter the meeting was recessed until December 12, 1957.

At the recessed meeting the town council adopted a decree wherein it set out its findings that all the provisions of the statute concerning the giving of notice had been complied with; that the portion of Eldred avenue which they had proposed to abandon "has ceased to be useful to the public"; and that the owners of land abutting on that portion of Eldred avenue to be abandoned as well as the owners of land abutting on the remaining portion thereof would sustain no damage as a result of the abandonment. It is thereafter stated in the decree that the designated portion of Eldred avenue is abandoned as a public highway with such orders as were necessary to comply with the pertinent provisions of the statute concerning notice of the abandonment, including an order that notice be given by personal service on abutting owners.

The petitioners seek a review of the action of the town council in abandoning said portion of the highway. The respondents on oral argument, as well as raising objections on the merits of the case, contended that the writ should not have issued because certiorari will not lie to review a purely legislative or administrative proceeding.

It is the well-settled law in this state that certiorari does not lie to review purely legislative or administrative actions. *Phillips* v. *McLaughlin*, 82 R. I. 224; *Siegl* v. *Town Council*, 75 R. I. 502. Here the common-law limitations

126

of certiorari prevail and in the absence of some peculiar circumstance its office is confined to a review of errors of law appearing in judicial or quasi-judicial proceedings. *R. I. Home Builders, Inc.* v. *Hunt,* 74 R. I. 255; *Greenough* v. *School Committee,* 27 R. I. 427. But see *Thayer Amusement Corp.* v. *Moulton,* 63 R. I. 182.

The petitioners do not dispute that the law is as we have stated it. Their contention is that in acting under the statute a town council in abandoning a highway engages in an act which requires an exercise of judicial and not legislative discretion. If the procedure prescribed by the statute is judicial rather than legislative in character, of course certiorari will lie in the present circumstances.

The pertinent statute requires that a town council in order to abandon a highway must follow the prescribed procedure. The principal requirements are that the council hold a hearing and determine whether the highway which it proposes to abandon "has ceased to be useful to the public" and that it appraise and award damages resulting to owners of land abutting on the highway by reason of the abandonment. The statute also requires that notice in several forms of its action be given to various interested parties.

We cannot agree with the contention of petitioners that the above procedure in its entirety is a judicial or a quasi-judicial action. It is our opinion that the action of the council in holding a hearing to determine whether the way to be abandoned "has ceased to be useful to the public" is a legislative act and as such will not be reviewed by certiorari. This being the action of the council for which review is sought, we must decline to review it.

An act is not an exercise of judicial discretion merely because a hearing is required before it may be performed. In *R. I. Home Builders, Inc.* v. *Hunt, supra,* at page 258, we stated: "The determination of whether an act is judicial or quasi-judicial and not in substance purely legisla-

tive or administrative in character depends upon the nature of the act rather than the officer or body performing it." Where a council acts not to determine presently contested rights but to direct some action in the future on the basis of policy or expediency it is acting legislatively and not judicially. *Greenough* v. *School Committee, supra,* at page 428.

It is clear in the instant case that the town council in finding that the highway in question "has ceased to be useful to the public" was acting prospectively. Such action constituted a determination of the expediency of the proposed abandonment. In 2 Elliott, Roads and Streets (4th ed.) §1182, it is stated: "Whether it is expedient to discontinue a highway is a question for legislative decision * * *."

The petitioners argue that this court has held that the abandonment procedure prescribed by the statute is quasi-judicial in nature, citing *Wolfe* v. *City of Providence,* 77 R. I. 192, and *Frank W. Coy Real Estate Co.* v. *Pendleton,* 45 R. I. 477. We disagree with petitioners' interpretation of the language which we used in those cases. In the *Wolfe* case we said at page 203: "In this state a municipality may permanently close or abandon a street only after formal proceedings of a *semijudicial* nature in accordance with G. L. 1938, chap. 72, §§31 and 32." (italics supplied) In the *Coy Real Estate Co.* case we also described these proceedings as being *semijudicial.* We do not perceive that in using the word *semijudicial* in those cases we were describing the procedure as being quasi-judicial. What we meant in those cases was that the procedure prescribed by the statute is in part judicial and in part legislative. We think that the reference in the *Wolfe* case to G. L. 1938, chap. 72, §§31 and 32, makes this clear, since an examination of those sections in G. L. 1938, now G. L. 1956, §24-6-2 and §24-6-3, shows that they relate to the appraisal for an assessment of damages resulting from an abandonment and

not to a determination that the highway has ceased to be useful to the public.

We therefore conclude that when a town council acting under this statute passes on the question of whether a highway "has ceased to be useful to the public," it is in fact making a determination of the expediency of the proposed abandonment. This is an exercise of purely legislative discretion which we will not review by writ of certiorari.

We have considered the contention of petitioners that this court is not limited to the issuance of the common-law writ of certiorari but may issue "an extraordinary process appropriate to its revisory and supervisory powers." We so held in *Hyde* v. *Superior Court*, 28 R. I. 204, at 212. It is our opinion, however, that the rule in the case above cited has no application where the question for which review is sought relates to an exercise of purely legislative discretion.

Because of the position which we take on the character of the action of the town council, we must hold that the writ in this case was issued improvidently, and it will not be necessary for us to consider other contentions made by the petitioners.

The petition is denied and dismissed, the writ heretofore issued is quashed, and the records certified pursuant thereto are ordered returned to the respondents with our decision endorsed thereon.

*Cornelius C. Moore, Charles H. Drummey, Salvatore L. Virgadamo, Francis J. Boyle, Jeremiah C. Lynch, Jr.,* for petitioners.

*Daniel J. Murray,* Town Solicitor, for respondents.