# The Newport National Bank *vs.* Raymond H. Hawksley *et al.*

APRIL 13, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a petition for a writ of certiorari to review the action of the respondents, who constitute the board of bank incorporation, in granting the application of The Savings Bank of Newport for a permit to establish a branch office. The petitioner prays that the board's action and the certificate issued pursuant thereto be quashed. We issued the writ and in compliance therewith the pertinent records have been certified to this court.

It appears from such records that on March 13, 1959 The Savings Bank of Newport, a mutual savings bank organized under the laws of this state and located in the city of Newport, applied to the board of bank incorporation under the provisions of G. L. 1956, §19-2-23, for a certificate to locate a branch office on land owned by it on West Main Road at the Two Mile Corner in Middletown. Section 19-2-23 provides as follows:

> "Establishment of branches.—Any savings bank may establish a branch or branches within this state at any other place than its principal place of business upon obtaining the consent of the board of bank incorporation thereto. Said board of bank incorporation shall, before giving such consent, require that a notice of such intention to establish a branch or branches of said savings bank shall be given for the same period of time and in the same manner, and a hearing had thereon, as is provided in the case of incorporation of savings banks in §19-2-3; and if said board of bank incorporation shall decide that public convenience and advantage will be promoted by the establishment of such branch or branches, it shall, and it is hereby authorized to, issue a certificate to that effect, a copy of which shall be filed with the director of business regulation, and thereupon said branch or branches may begin the transaction of business. If said board refuses to issue such certificate, no further proceedings shall be had, but the application may be renewed after one (1) year from the date of such refusal, in which case notice of a public hearing thereon shall be published as hereinbefore provided."

Under the provisions of §19-1-2 the board of bank incorporation consists of the director of business regulation, the general treasurer, and the attorney general. It also provides that they shall exercise the powers and perform the duties conferred or imposed upon them by the pertinent statute. In compliance with the statute the board set the matter down for a public hearing. At the hearing on May 29, 1959 several persons made statements, not under oath, favoring the application, and petitioner through its president made a statement under oath opposing the same.

In January 1960 the director of business regulation and the general treasurer, constituting a majority of the board, entered a written decision containing an express finding that the evidence clearly established that public convenience and advantage would be promoted by the establishment of the branch office requested by the savings bank. The attorney general, who disagreed with the findings of the majority, entered a dissenting decision. Thereafter the board issued a certificate dated January 15, 1960 and signed by the director of business regulation and the general treasurer certifying that public convenience and advantage would be promoted by the establishment of such branch.

The petitioner is a national banking corporation having banking offices in the city of Newport and branch banks in the towns of Middletown and Portsmouth. On August 12, 1960 it filed the instant petition. In view of the peculiar position in which, by virtue of the duties of his office, the attorney general found himself, we permitted The Savings Bank of Newport by its counsel to appear as amicus curiae and to brief and argue on behalf of the board in this court.

The petitioner contends that the board's action is not supported by competent evidence; that it misconceived the law in making the findings on which it based its issuance of the certificate; and that under the statute a valid certificate of public convenience and advantage to establish a branch bank requires the consent of all members of the

board of bank incorporation. Said contentions are based on the premise of petitioner that the jurisdiction conferred on the board by §19-2-23 is quasi judicial in nature and that consequently the board's action in granting a certificate is reviewable on certiorari by this court.

The board, on the other hand, not only argues that its action in issuing the certificate in question was in all respects lawful, but it also contends that the petition for the writ should be dismissed on the ground that its action in issuing the certificate was exclusively legislative and administrative and therefore not reviewable by writ of certiorari, and also on the ground that petitioner has no legal standing as a party in interest to seek the writ. At the close of its argument before us the board, with the permission of the court, made an oral motion that the writ be quashed on the ground that in the circumstances it was improvidently issued.

It is well settled in this state that, unless otherwise provided by statute, certiorari will not lie to review purely legislative or administrative actions. *Godena* v. *Gobeille,* 88 R. I. 121, 143 A.2d 290; *Phillips* v. *McLaughlin,* 82 R. I. 224. As was stated in *Godena* v. *Gobeille, supra,* at page 292, "Here the common-law limitations of certiorari prevail and in the absence of some peculiar circumstance its office is confined to a review of errors of law appearing in judicial or quasi-judicial proceedings." Where a question of the board's jurisdiction is raised we will intervene by certiorari solely to determine such question. *Phillips* v. *McLaughlin, supra.* The petitioner agrees that the law is as we have stated it, but it contends that the board of bank incorporation is not a legislative body and that in passing on an application for a certificate of public convenience and advantage it is acting quasi-judicially. The petitioner relies for such contention on *Abbott* v. *Public Utilities Comm'n,* 48 R. I. 196.

The *Abbott* case is not in point and does not help peti-

tioner. There the court was dealing with a public utility statute which differs materially from the statute in the case at bar. In the absence of statutory provision, the question whether the action of the board of bank incorporation in issuing the instant certificate was judicial or quasi-judicial and not purely legislative or administrative in character depends upon the nature of the act rather than the office or body performing it. *R. I. Home Builders, Inc.* v. *Hunt,* 74 R. I. 255, 258.

After carefully reviewing the legislative history of §19-2-23, it is clear to us that the nature of the act of issuing a certificate of public convenience and advantage for the establishment of a branch office is purely legislative and that the nature of the proceedings of the board performing such act is administrative. Under the statute the board is an administrative agency of the legislature endowed with delegated power. The fact that a hearing is required and that certain conditions must be met before it can exercise such power does not mean that the board's action is necessarily judicial or quasi judicial. As was said in *R. I. Home Builders, Inc.* v. *Hunt, supra,* at page 258, "Every act involving judgment or discretion is not necessarily a judicial act even though notice and hearing be required before such act may be performed." See also 42 Am. Jur., Public Administrative Law, §41, p. 333, which reads in part as follows:

> "Investigations and hearings preliminary to an act do not characterize the act as judicial rather than legislative. The ascertainment of facts or the reaching of conclusions upon evidence taken in the course of a hearing may be entirely proper in the exercise of executive or legislative, as distinguished from judicial, powers. Most legislation is preceded by hearings and investigations. But the effect of the inquiry, and of the decision upon it, is determined by the nature of the act to which the inquiry and decision lead."

Section 19-2-23 provides that "* * * if said board of bank

incorporation shall decide that public convenience and advantage will be promoted by the establishment of such branch or branches, it shall, and it is hereby authorized to, issue a certificate to that effect * * *." Under said section the only question before the board was whether the public convenience and advantage would be promoted by the establishment of such branch. The finding required by the statute does not relate to present conflicting rights between adverse parties. Said finding related to the future. It was the board's duty under said section to determine, with the aid of a public hearing, whether as a matter of policy the public convenience and advantage in the future would be promoted by the issuance of the certificate. Such finding does not require the exercise of judicial discretion.

In our opinion the act of the board in making the finding is an exercise of purely legislative discretion which is not reviewable by writ of certiorari. See *Godena* v. *Gobeille, supra,* page 293. We must conclude, therefore, that the writ in this case was issued improvidently. In the circumstances it is not necessary for this court to consider the petitioner's other contentions.

The petition is denied and dismissed, the writ heretofore issued is quashed, and the records certified pursuant thereto are ordered returned to the respondents with our decision endorsed thereon.

*Moore, Virgadamo, Boyle & Lynch,* for petitioner.

*Corcoran, Peckham & Hayes, Edward J. Corcoran, Edward B. Corcoran, William W. Corcoran,* amicus curiae appearing for respondent board.