**WILMINGTON SAVINGS FUND SOCIETY,**
Plaintiff-Appellant,

v.

**John W. GREEN, State Bank Commissioner
of the State of Delaware, Defend-
ant-Appellee.**

Superior Court of Delaware,
Kent.

July 19, 1972.

George Tyler Coulson, of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff-appellant.

James T. Perry, Deputy Atty. Gen., Wilmington, for defendant-appellee.

Rodman Ward, Jr., of Prickett, Ward, Burt & Sanders, Wilmington, for Delaware Bankers Assn., amicus curiae.

OPINION

WRIGHT, J.

This is an appeal from denial, by the State Bank Commissioner, of the appellant's application to open a branch bank in Millsboro, Delaware. The parties entered into a stipulation, agreeing that the matter would be tried *de novo*. The appellee Bank Commissioner has moved to strike the stipulation.[1]

Pursuant to 5 Del.C. § 933, the State Bank Commissioner is authorized to approve or deny applications for the operation of branch bank offices. Unlike several other sections of the Delaware Banking Law,[2] § 933 does not require an administrative hearing prior to the Commissioner's determination. However, the applicant is protected from the possibility of prejudicial error or abuse of discretion by the Commissioner under 29 Del.C. § 8809(g).

1. The Delaware Bankers Association has entered the proceeding as *amicus curiae*.

2. 5 Del.C. §§ 2725, 2903, 3106 and 3111.

This section, which affords the applicant the right of appeal, provides:

"(g) The Superior Court shall hear all appeals from the decisions or rulings of the State Bank Commissioner respecting the issuance, extention, renewal, suspension and revocation of licenses and certificates to transact business; applications to open a branch office or place of business; applications for a certificate of public convenience and advantage; mergers, consolidations and conversions; and amending of charters or certificates of incorporation.

(1) Any person whose interest is substantially affected by any of the decisions or rulings, specified in subsection (g) of this section, of the Commissioner may appeal from any decision or ruling by filing with the Commissioner a notice of appeal. The notice shall be filed within 20 days from the date of notification of the decision or ruling of the Commissioner and shall be signed by the appellant or his attorney. The decision or ruling of the Commissioner shall be stayed pending disposition of the appeal.

(2) Within 30 days from the filing of the notice of appeal with the Commissioner, the appellant shall file with the Superior Court a copy of the notice of appeal, a copy of the decision or ruling of the Commissioner and any record of prior proceedings or other matters relating to the appeal. The Court shall thereafter have complete jurisdiction of the matter. * * *"

The question presently before this Court is whether the appeal provided for shall be a review on the record or a review *de novo*. It is the position of the appellee that the Delaware case law and statutory law require an appeal on the record, and that, therefore, the stipulation is unenforceable and should be disregarded.

The appellee contends that the Courts of this State have consistently refused to substitute their judgment for that of the administrative bodies from which appeals are taken. In support of this position, the appellee makes reference to: In re Application of Diamond State Telephone Co., 9 Terry 497, 107 A.2d 786 (1954); Applications of X-Chequer Inn, Inc., Del.Super., 229 A.2d 22 (1967); Ahner v. Delaware Alcoholic Beverage Commission, Del. Supr., 237 A.2d 706 (1967); In re Artesian Water Co., Del.Super., 189 A.2d 435 (1963), and Application of International Acceptance Co., Del.Super., 280 A.2d 733 (1971).

In each of the above cited cases, a hearing was provided at the administrative level. No such right was afforded the appellant in the instant case. I find this to be an extremely distinguishing factor.

■ As the law of administrative appeal has progressed, certain fundamental principals have evolved. One of the most basic of these maxims is that where there is to be an appeal on the record, the record below must clearly show the basis upon which the administrative agency acted or refused to act. Applications of X-Chequer Inn, Inc., *supra*; Ahner v. Delaware Alcoholic Beverage Commission, *supra*. No such record exists in the instant case.

It is true that our cases have oft times held it to be beyond the judicial function for a court to act as a "super administrative tribunal". In re Application of Diamond State Telephone Co., *supra*; In re Artesian Water Co., *supra*. However, the rationale upon which those cases were decided was that any other conclusion would reduce hearings at the administrative level to mere rehearsals. Here, the appellant had no such hearing.

The question of whether an administrative appeal from the Delaware Water and Resources Commission, should be on the record or *de novo* was recently decided by this Court in Application of International Acceptance Co., *supra*. In concluding the appeal to be one on the record, Judge Christie considered that, *inter alia*, there

was a statutory provision for a hearing below and that it would be an unreasonable burden on the State's financial resources to produce two full records. Here, there was no hearing; hence, there would be only one record.

 Needless to say, a careful study of the cases cited by the appellee leads to only one conclusion. The case law in Delaware does not require a review on the record from an administrative decision made without a hearing.

Next, the appellee contends that Delaware statutory law requires a review on the record rather than a trial *de novo*. 29 Del.C. § 8809(g) provides the Superior Court with authority to hear appeals from decisions of the State Bank Commissioner respecting, *inter alia,* applications to open branch offices. It is the appellee's position that, since § 8809(g) makes no provision for a trial *de novo,* the appeal must be heard on the record in accordance with Superior Court Rule 72(g), Del.C.Ann.[3]

This approach has been attempted previously, but without merit, in DuPont v. Family Court, 2 Storey 72, 153 A.2d 189 (1959). There it was noted that Rule 72(g) was promulgated to govern appeals which were to be decided upon the record made before an inferior statutory tribunal. Based upon this supposition, the Court found that where there is no record of testimony in the inferior tribunal, there is no record upon which to appeal and, thus, Rule 72(g) is inapposite. Hence, where there is a right to appeal but no record to appeal from the review must be *de novo. See also* Auditorium Inc. v. Board of Adjustment, 8 Terry 373, 91 A.2d 528 (1952).

In the present case, 29 Del.C. § 8809(g) guarantees the appellant the right of appeal. However, the Banking Law neither requires a hearing nor does it pro-

vide the Bank Commissioner with the tools necessary in preparing a record for determining branch bank applications. Where there is no record but there is a right to appeal, this Court has no other choice but to review *de novo. See* Auditorium Inc. v. Board of Adjustment, *supra.* An appeal on the record where there is no record is no appeal at all. Rule 72(g) cannot be followed where statutory construction necessarily implies a different procedure. Application of International Acceptance Co., *supra.*

Although the stipulation entered into by the parties was unnecessary, this being a case requiring a review *de novo,* I see no reason to vacate it. Thus, the stipulation will stand, the appellee's motion to vacate being denied.

It is so ordered.

---

3. Rule 72(g) provides: "Appeal shall be heard and determined by the Superior Court from the record of proceedings below, except as may be otherwise expressly provided by statute".