**EARL WILLIAMS, Plaintiff-Appellant**

v.

**HENRITA TODMAN, Defendant**

and

RON deLUGO, OMAR BROWN, BERTHA BOSCHULTE, LEN STEIN, FRITS LAWAETZ, AUGUSTINE DOWARD, DAVID HAMILTON, SANTIAGO GARCIA, FRANK JACOBS, MALDRED SHACKELTON, ARTURO SOTO, ALVIN CANTON, RODNEY PENHA, LIONEL HILAIRE and THEOVAL MOOREHEAD, **Intervening Defendants**

United States Court of Appeals

Third Circuit

No. 16,205

Argued October 21, 1966

Decided October 26, 1966

*See, also, 367 F.2d 1009*

644

DAVID B. ISBELL, ESQ. (COVINGTON and BURLING), Washington, D.C., *for appellant*

MARVIN M. KARPATKIN, ESQ., New York, New York, *for intervening appellees*

RONALD H. TONKIN, ESQ. (YOUNG, ISHERWOOD and MARSH), Christiansted, St. Croix, Virgin Islands, *for intervening appellees*

WILLIAM A. PALLME, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for defendant-nominal appellee*

Before MARIS, McLAUGHLIN and KALODNER, *Circuit Judges*

MARIS, *Circuit Judge*

OPINION OF THE COURT

This is an appeal by the plaintiff, a member of the Republican Party residing in St. Croix, from an order of

645

the District Court of the Virgin Islands entered October 4, 1966 dismissing his petition filed September 12, 1966 and amended petition filed September 24, 1966 seeking to have the nomination petition set aside which had been filed with the defendant, the Supervisor of Elections of the Virgin Islands, by the officers of the Republican Territorial Committee nominating the 15 intervening defendants as Republican candidates for the Virgin Islands Legislature. As we have just held in our opinion filed in Canton et al. v. Todman on October 24, 1966, 5 V.I. 637, 367 F.2d 1005, since no other nomination petitions for Republican candidates were filed these 15 individuals have become the Republican nominees to be voted on at the general election on November 8, 1966, without the need for holding a Republican primary election.

18 V.I.C. § 344 (c) provides in pertinent part:

"(c) Unless the constitution, bylaws, or governing rules of a political party provide for another procedure, the territorial committee of such political party may nominate by a majority vote of those present for each candidate, a quorum being present, candidates for nomination and election up to the number of candidates to be nominated for public office and elected for party office at the primary election of such party. Such nomination by this or any other procedure shall be made by nomination petitions signed by the chairman and secretary of the territorial committee of the party on forms prescribed by the Supervisor of Elections. Nomination for such offices may also be made by nomination petitions as provided in subsection (b) of this section. A nomination petition filed by the chairman and secretary of the territorial committee shall set forth:

(1) any rules of the political party with respect to the nomination of candidates for such offices;

(2) that a quorum of the committee, caucus, or convention authorized by this subsection or by party rules to make such nomination duly convened;

(3) that the persons present were duly appointed or elected members of such committee, caucus or convention; and

(4) the name, residence and occupation of the candidates duly nominated at such meeting."

The nomination petition of the Territorial Committee of the Republican Party nominating the 15 intervening defendants was filed in the defendant's office on September 6, 1966. The petition was in the form prescribed by the defendant, it appeared on its face to comply with the requirements of 18 V.I.C. § 344(c), and after examination it was accepted by the defendant.[1]

On September 7, 1966 the plaintiff filed with the defendant's office in St. Croix a letter of protest, inter alia "questioning the endorsement by the Republican Party of the candidates representing the so-called 'Donkey-Crats', thereby permitting alleged Democrats to seek election under the aegis of the Republican Party." No action having been taken by the defendant on his protest the plaintiff on September 12, 1966 filed a petition in the office of the Clerk of the District Court in the Division of St. Croix, presumably under 18 V.I.C. § 412, praying that the nomination petition filed by the Republican Party be set aside.

18 V.I.C. § 412 provides in pertinent part:

"All nomination petitions and nomination papers received and filed under this chapter, and accepted after the examination required by section 411 of this title, shall be deemed to be valid, unless, within five days after the last day for filing such nomination petition or papers, a petition is presented to the district court, specifically setting forth the objections thereto, and praying that such petition or paper be set aside. A copy of the petition shall, within such period, be served on the officer with whom the nomination petition or paper was filed. Upon the presentation of such a petition

---

[1] The duty of the Supervisor of Elections in this regard is set out in 18 V.I.C. § 411(a) as follows:

"The Supervisor of Elections or his deputy shall forthwith examine the nomination petitions, nomination papers or nomination certificates filed with him under this chapter and shall permit them to be examined by any interested citizen. If the identity of any signer is unknown to him or if the identity or capacity of any signer seems to him doubtful or is challenged by any citizen, the Supervisor of Elections or his deputy within three days after the close of the nomination period shall hold a public hearing in the legislative district in which the signer in question purports to reside, to which hearing such signer and any material witnesses may be summoned. The Supervisor of Elections or his deputy shall determine the signer's identity and capacity and ascertain that the candidates have been validly nominated."

the court shall make an order fixing a time for hearing which shall not be later than 10 days after the last day for filing such nomination petition or paper, and specifying the time and manner of notice that shall be given to the candidate named in the nomination petition or paper sought to be set aside. On the day fixed for the hearing, the court shall proceed without delay to hear such objections, and shall give the hearing precedence over any other business before it, and shall finally determine the matter not later than 15 days after the last day for filing such nomination petitions or papers. If the court finds that the nomination petition or paper is defective under the provisions of section 411 of this title, or that it does not contain a sufficient number of genuine signatures of electors entitled to sign it under the provisions of this chapter, or was not filed by persons entitled to file it, it shall be set aside . . . "

The petition which was filed by the plaintiff in the office of the clerk of the district court in St. Croix on September 12, 1966 was not presented by the plaintiff on that day (which was by any reckoning the last day for presenting it, under 18 V.I.C. § 412), to the judge of the district court, who resides in St. Thomas, for the purpose of having an order made by the judge fixing a time for a hearing which under the statute was required to be held not later than September 16th (10 days after September 6th, the last day for filing nomination petitions). Obviously, the deputy clerk in St. Croix could not make such an order. Instead, the plaintiff did nothing to prosecute his petition until September 24th, three days after the last day fixed by the statute for finally determining the matter raised by the petition. Then on September 24th he filed an amended petition and presented a motion to the judge of the district court to fix a time for a hearing thereon. A hearing was fixed for October 4th and was held on that date. Following the hearing and on the same day the court dismissed the petition and amended petition upon the ground that it then had no jurisdiction to entertain them, the time fixed by the statute for final determination of the matter having expired.

The plaintiff argues in support of his appeal that his petition was presented to the court on September 12th when he filed it in St. Croix, and that it then became the duty of the judge of the district court to fix a time for hearing on or before September 16th and dispose of the matter on or before September 21st, but that, in any event, the time limits fixed by section 412 are not mandatory but merely directory. We do not agree with either contention.

 There may be a vast difference between filing a petition in a court, which ordinarily means lodging it in the clerk's office to remain there until action on it is called for, and presenting it to the court, which usually means bringing it to the attention of the judge, by motion or otherwise, for action. Hughes Tool Co. v. National Labor Relations Board, 5 Cir. 1945, 147 F.2d 69, 73. The latter is clearly what is required by section 412, in addition to mere filing, but is what the plaintiff wholly failed to do until September 24th. It was, however, the duty of the plaintiff under section 412 to bring the petition to the attention of the judge on September 12th or as soon thereafter as possible so that the judge could fix a time for hearing on or before September 16th and act on the petition on or before September 21st as the statute requires. Certainly the judge, who resides in St. Thomas and was then holding court in that island, was not required in law to have, and it does not appear that he did in fact have, personal knowledge of the existence of the plaintiff's petition which had been filed in the clerk's office in St. Croix. On September 24th, when the matter was finally brought to the judge's attention, it was too late under the statute for the court to act. For the time limits fixed by section 412 are mandatory and not merely directory, since that section is intended to provide the efficient procedure for the speedy determination of controversies regarding nomination petitions which is absolutely essential if political campaigns are to proceed

in order and primary and general elections are to be held without confusion, or even at all.

That this must necessarily be the construction to be placed upon the Virgin Islands statute is highlighted by the situation in which we find ourselves today. For although we heard argument in this appeal only 10 days after it was docketed and only 16 days after the order appealed from was entered, our decision, rendered with the greatest dispatch, comes down only 13 days before the day of the general election in the Virgin Islands. And it must be remembered that this proceeding is an attack upon nomination petitions filed in behalf of candidates who might have had to run in a primary election on October 4th, the very day on which the district court heard and decided the matter, if such a primary election had been required. It hardly needs to be added that if the court had set aside the petition the Republican primary election, which in that event would have been required by 18 V.I.C. § 359 to be held on October 4th, could not actually have been held. Indeed it would have been difficult enough to prepare for and hold such a primary election on October 4th even if the district court had set aside the petition on September 21st, the last day for such action fixed by section 412.

■ Section 412 of title 18, V.I.C., was taken, as were many of the other sections of that title, from the Pennsylvania Election Code, as appears from the historical note to section 412 and other sections. Our conclusions as to the construction to be placed upon section 412 are fully supported by the decisions of the Pennsylvania courts construing the cognate sections of the Pennsylvania Code, which hold that the times limits with which we are here concerned are mandatory, not directory, and that a petitioner must prosecute his petition with diligence and in compliance with them. In re Nomination Papers of American Labor Party, 1945, 352 Pa. 576, 44 A.2d 48; Petition for Sunday Movies

in City of Pottsville, 1950, 363 Pa. 460, 70 A.2d 651; Turtzo v. Boyer, 1952, 370 Pa. 526, 88 A.2d 884. The plaintiff here did not prosecute his petition with diligence. On the contrary, after filing it in St. Croix he did absolutely nothing to prosecute it for 12 days, during which period the statutory time within which the court could act upon it expired. We conclude that the district court was right in holding that it had no jurisdiction on October 4th to deal with plaintiff's petitions and that its only recourse was to dismiss them.

■ ■ Moreover, an examination of the petition filed September 12th shows that in any event it was fatally defective because it failed to comply with the requirements of section 412 to set forth specifically the plaintiff's objections to the nomination petition in question. On the contrary, its allegations were of the most general sort. And the amended petition, which did set forth specific objections, could not cure this defect because it was filed too late. Pietrowski Nominating Petition, 1961, Philadelphia Common Pleas Court, 24 Pa. D&C 2d 239.

The order of the district court will be affirmed.