DANIEL A. NEPI, Petitioner, now appellant, v. EUGENE LAMMOT, Mayor of the City of Wilmington, STEWART LYNCH, City Solicitor of the City of Wilmington, ROBERT A. MITCHELL, City Engineer of the City of Wilmington, Constituting the Board of Adjustment of The Mayor and Council of Wilmington, Respondents, now appellees.

(*October* 29, 1959.)

STOREY, J., sitting.

*Thomas Herlihy, Jr.,* and *Nathan P. Michlin* for the Appellant.

*Stewart Lynch* for the Appellees.

Superior Court for New Castle County, No. 881, Civil Action, 1958.

STOREY, J.:

Petitioner applied to the City Building Inspector for a permit to make certain alterations in buildings belonging to the petitioner and located in the City of Wilmington. The Building Inspector denied the application and petitioner took an appeal to the Board of Adjustment. A hearing was held by the Board of Adjustment in which petitioner and several objectors appeared and testified. The Board of Adjustment sustained the ruling of the Building Inspector and the Board's decision, according to respondents, was filed in the office of the Secretary of the Board on July 9, 1958.[1]

On August 7, 1958, Daniel A. Nepi filed his petition for a Writ of Certiorari, pursuant to 22 *Del. C.* § 328, and a Notice of Appeal, pursuant to Rule 72 of the Rules of this court, *Del. C. Ann.*, with the Prothonotary, in and for New Castle County, Delaware. Attached to the petition was an order for the issuance of the Writ of Certiorari which the Prothonotary removed. On August 12, 1958, the respondents were served with citations in Certiorari and the Secretary of the Board was served with a Writ of Certiorari on August 12, 1958.

The respondents have moved to dismiss the petition on the following grounds:

1. That petitioner has not complied with the requirements of Title 22 *Del. C.* § 328, in that petitioner did not *present* the petition to the Superior Court within thirty days after the filing of the decision in the office of the Board of Adjustment; and in that there has been no order of the Superior Court allowing a writ of certiorari directed to the Board of Adjustment to review the decision referred to in the petition.

---

[1]Petitioner claims that such was not filed at that time, nor even as late as August 5, 1958. However, since the 30 day limitation was met, and for reasons herein, this conflict is moot.

2.  That petitioner has joined improper parties as defendants and has failed to join as parties defendant the protestants and objectors who appeared and opposed the appeal of the petitioner, which protestants and objectors, respondents claim, are indispensible parties and the only proper parties in a proceeding of this character.

Respondents further expand this second objection by claiming:

A.  The Board of Adjustment is a Quasi-Judicial Tribunal and is not properly a defendant in a proceeding to review its own decision.

B.  The Delaware doctrine of sovereign immunity prevents a suit against the Board of Adjustment.

Respondents' motion to dismiss the petition for a writ of certiorari has presented the following questions for consideration:

1.  Did the petitioner comply with the requirements of 22 *Del. C.* § 328 as to the presentation of his petition to the Superior Court?

2.  Was it necessary for petitioner to join as defendants those persons who appeared before the Board of Adjustment and who objected to petitioner's appeal from the action of the Building Inspector?

3.  Was it proper for petitioner to name the Board of Adjustment as defendant?

Title 22 *Del. C.* § 328 provides:

"(a) Any person or persons, jointly or severally aggrieved by any decision of the Board of Adjustment, or any taxpayer, or any officer, department, board, or bureau of the municipality, may present to the Superior Court a petition, duly verified, setting forth that such decision is illegal, in whole or in part, spe-

cifying the grounds of the illegality. Such petition shall be presented to the court within 30 days after the filing of the decision in the office of the board.

"(b) Upon the presentation of the petition, the court may allow a writ of certiorari directed to the board to review such decision of the board and shall prescribe therein the time within which a return thereto must be made and served upon the relator's attorney, which shall not be less than 10 days and may be extended by the court. The allowance of the writ shall not stay proceedings upon the decision appealed from, but the court may, on application, on notice to the board and on due cause shown, grant a restraining order.

"(c) The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review."

I do not feel, as respondents contend, that this section requires that the aggrieved party must actually *present* his petition to the Superior Court. It would not be a reasonable construction of this statute to require that the person aggrieved must bring the petition to the court and personally hand the same to a judge. Petitioner's filing of the petition with the Prothonotary of this court was sufficient to satisfy the intent of the statute as to the necessity of presentation of his petition to this court. *Barnes v. Osborne*, 1941, 286 *N. Y.* 403, 36 *N. E.* 2d 638.

Title 22 *Del. C.* § 328 is entitled "Appeal from board's decision." (Emphasis added.) The word "certiorari" is mentioned only once in the entire section, and subsection (c) provides that this court "may reverse or affirm, wholly or partly, or may modify the decision brought up for review." This is an extension of the ordinary powers of reviewing courts in a common law writ of certiorari, which is limited ordinarily to the power to affirm or reverse a lower court's decision.

In view of the above, it seems obvious that it was the intent and purpose of the Legislature, in enacting this provi-

sion for a statutory certiorari, to grant, in effect, a form of appeal from decisions by the Board of Adjustment.[2]

Having decided that this statutory certiorari is, in effect, in the nature of an appeal, petitioner's compliance with Rule 72(a) and Rule 72(b) is sufficient to give this court jurisdiction, without the necessity of a specific order issued by this court.

"This Rule shall apply to appeals to the Superior Court from all Commissions, Boards or Courts from which an appeal may at any time lie to the Superior Court to be tried or heard on the record made below." Rule 72(a).

"When an appeal is permitted by law, and within the time prescribed, *a party may appeal by filing a notice of appeal with the Prothonotary of the appropriate County.*" (Emphasis added). Rule 72(b).

There appears to be an additional reason why no order allowing a writ of certiorari need issue from this court. 10 *Del. C.* § 562 states:

"The Superior Court may frame and issue all remedial writs, including writs of habeas corpus and certiorari, or other process, necessary for bringing the actions in that Court to trial and for carrying the judgments of the Court into execution. *All writs shall be granted of course* and shall be in such form and returnable at such time as may be prescribed by the rules of the Court, or otherwise as the particular case may require." (Emphasis added).

This court also feels that it was not necessary for petitioner to join as defendants those persons who appeared before the Board and who objected to petitioner's appeal from the action of the Building Inspector. Such objectors were not indispensable parties. Consider the impracticality of naming as defendants hundreds of people who may appear personally or by

---

[2]No other method of appeal or review is provided.

petition at a hearing. In *Auditorium v. Board of Adjustment*, 1952, 8 *Terry* 373, 91 *A.* 2d 528, the Supreme Court of Delaware mentions the fact that there were 126 persons who objected to the grant of the building permit. Yet the Court never intimated that the case was not properly before it because of the non-joinder of these objectors.

It was likewise proper for petitioner to name the Board as defendant. The nature of the action is an appeal from that Board which acts in a quasi-judicial capacity. The forms suggested by the Court for use in certiorari cases, 1 K and I L, provide for the use of the name of a defendant. The case of *In re Auditorium*, 7 *Terry* 430, 84 *A.* 2d 598, on appeal to the Supreme Court, is reported as *Auditorium v. Board of Adjustment, supra.* Query: If the Board is not a proper defendant, who is?

Respondents claim that the doctrine of sovereign immunity is applicable to suits against the Board of Adjustment. However, it would seem that such is not the case herein. 22 *Del. C.* § 328, by reasonable implication, gives consent to such a suit by allowing it by way of certiorari. If immunity based on sovereignty were a good jurisdictional defense, it is to be assumed that the Supreme Court of Delaware would, of its own initiative, have refused to take jurisdiction in *Auditorium v. Board of Adjustment, supra,* and would have requested that the 126 objectors be named as defendants.

For the reasons hereinabove set forth, respondents' motion to dismiss is denied.

On presentation, order will be signed accordingly.