Application of **INTERNATIONAL ACCEPT-ANCE COMPANY** to the Water and Air Resources Commission for Feasibility Approval of a Subdivision Plan Known as Derby Shores.

Superior Court of Delaware,

Kent County.

John J. Schmittinger, of Schmittinger & Rodriguez, Dover, for Samuel Cronis, appellant.

Roy S. Shiels, of Brown, Shiels & Barros, Dover, for International Acceptance Co., appellee.

OPINION

CHRISTIE, Judge.

Appellant, Samuel Cronis, has appealed from a decision of the Delaware Water and Air Resources Commission. The decision appealed from is very informal and incomplete but it purports to give "approval in principle" to plans of International Acceptance Company for the construction of more than 100 individual septic tank systems on individual mobile home lots which the Company seeks to develop on 59.6 acres of land adjacent to Derby Pond in Kent County. The Pond is a small body of water belonging to the State and used by the Division of Fish and Wildlife for public recreation and for fishing. Appellant lives near Derby Pond and is one of many local residents opposed to the construction of mobile home facilities on the shore of the Pond. The opponents chief concern appears to be possible pollution of the Pond.

Appellee has moved to dismiss the appeal contending it fails to state a cause of action

upon which relief can be granted, and that the papers filed by appellant fail to meet the requirements of the applicable Civil Rules.

After consideration of the matter I have concluded that the case must go back to the Commission for formation of a more complete record before any further action takes place in this Court.

So far as I know, this is the first appeal from a decision of the Water and Air Resources Commission and the procedures to be followed are not entirely clear. The applicable statute provides for hearings to be held before the Secretary, 7 Del.C. § 6006 and on administrative appeal before the Commission, 7 Del.C. § 6008. Both statutes require that verbatim transcripts of testimony be taken and filed. If evidence is presented, the Commission is required to make written findings of fact and conclusions. 7 Del.C. § 6009.

The statute dealing with appeals to the Superior Court provides that the certified transcript and record of the proceeding below shall be filed in the Superior Court. 7 Del.C. § 6012(c). Yet, the statute goes on to state that the Superior Court shall "hear and determine the matter as a suit in law and equity". 7 Del.C. § 6012(e).

Appellant contends that the statute calls for a trial de novo in Superior Court. Appellee contends that it is an appeal on the record. The statute does not clearly state which it is and different procedures under the Superior Court Rules may come into play, depending on whether or not the appeal is de novo.

■ I am of the opinion that a fair reading of the entire statute and a consideration of the administrative procedures provided for therein indicates that the appeal to the Superior Court is to be on the record or the two records made on the administrative level.

Air and water pollution control involves complex technical matters lending themselves to resolution on an administrative level without Court formalities. The issues when fully heard are apt to involve lengthy scientific testimony both before the Secretary and the Commission. It would be unduly expensive and time consuming to have two full records made at the administrative level and then to provide for another full record to be made in a de novo proceeding in Superior Court.

Furthermore, the Secretary, any person designated by him or the Commission to take evidence and the Commission itself may be assumed to possess or to develop a degree of expertise in these fields which the Court would not possess.

It cannot be assumed that the General Assembly planned to have the Court ignore both the records made at the hearings on an administrative level and the experts who considered such evidence and start all over again with a de novo hearing.

I conclude that it was the intention of the statute that the Court "hear" the appeal on the record or records made at the administrative level but I do not thereby rule that the Court totally is without authority to permit the presentation of additional evidence in the Superior Court if very special circumstances so dictate. For example, when a full and proper record has been made on the administrative level, a technical omission therein might be supplied or more up-to-date data might be brought in.

Basically then, the procedures to be followed on the appeal before the Court, like administrative appeals in general, are governed by Superior Court Civil Rule 72 except to the extent that different procedures are required by the applicable statute or by necessary implication on account of the provisions of the applicable statute.

■ The record before this Court as sent up from the Commission did not comply fully with the requirements of the statute or with administrative due process. The record is not adequate for this Court to make a full judicial review of what

transpired below. Indeed, the record indicates:

1. A lack of sworn testimony to support the apparent decision. Testimony (unsworn) of opponents was taken by the acting Director of the Water Resources and Subaqueous Lands Section but all the evidence on which the Commission was to rely was not introduced or made a part of the record.

2. A lack of findings or conclusions as required by 7 Del.C. § 6009.

3. A lack of an official decision of the Commission.

On appeal appellant now seeks to supplement the record with material including results of field tests which should have been made a part of the record at the administrative level so that persons wishing to challenge the validity or weight of these items could be in a position to effectively do so before the Commission rather than before the Superior Court.

By post argument letter dated April 14, 1971, appellant also seeks to raise numerous issues which were not raised at the administrative level. Some of these issues could not have been raised because of the abbreviated procedures used by the Commission and the failure of the Commission to lay before the hearing the full evidence, including the test results, on which it was to rely. Other points appellant seeks to raise in this Court could and should have been raised at the hearings below. It is a form of excusable neglect that these points were not raised in view of the special circumstances. Furthermore, the duty to exhaust the administrative remedies before coming to this Court on the record was not spelled out in the statute.

Assuming, without deciding, that an "approval in principle" is a final and appealable order, it is still apparent that the case cannot be fully adjudicated on the record now before the Court. It would not be equitable to bar the appellant from raising the points he wishes to raise or from

making a record even at this late date. Under the circumstances, the case must be returned to the Commission for a further hearing, additional evidence, findings of fact and conclusions of law and an official order of the Commission. If any party seeks to appeal the decision of the Commission which is reached after the new hearing, the appeal will proceed as provided in Rule 72 and in a manner similar to Workman's Compensation appeals except to the extent that some other procedure may be required by special circumstances or by statute.

It is ordered that the case is remanded to the Commission for further proceedings in accord with this opinion.