The **BOARD OF ADJUSTMENT OF NEW CASTLE COUNTY et al.,** Respondents Below, **Appellants,**

v.

Anthony J. **BARONE** and Molly C. Barone, Petitioners Below, **Appellees.**

Supreme Court of Delaware.

Nov. 12, 1973.

Reargument Denied Dec. 7, 1973.

Harvey B. Rubenstein, Asst. County Atty., Wilmington, for appellants.

Stanley C. Lowicki, O'Donnell, Hughes & Lowicki, Wilmington, for appellees.

HERRMANN, C. J., and CAREY and DUFFY, JJ., sitting.

DUFFY, Justice:

The single question in this appeal is whether Superior Court Rule 4(a) Del.C. Ann. limits the time in which an alias writ may issue in a certiorari proceeding.

I

On November 30, 1971 the Board of Adjustment of New Castle County rejected an application by Anthony J. Barone and Molly C. Barone, his wife (petitioners) who then sought a review of the decision by certiorari in the Superior Court. The Court's order directed that service be made before January 21, 1972. Service was not made by that date and on October 11, 1972 an alias writ was issued; it was served on October 20.

The Board moved to dismiss the petition on the grounds that the alias writ was not timely because it was issued more than six months after the return date of the preceding writ. The Superior Court, relying on the pertinent statute, denied the motion on the basis that certiorari is not governed by the Rule in question.

II

Superior Court Rule 4(a) provides in part as follows:

"No alias or pluries writ shall issue except within six months after the return day of the preceding writ."

The statute which the Court applied, 9 Del.C. § 1353(b), reads:

"Upon the presentation of the petition, the Court may allow a writ of certiorari directed to the Board of Adjustment, to review the decision of the Board, and shall prescribe therein the time within which return must be made and served upon the petitioner's attorney, which shall not be less than 10 days and may be extended by the Court."

A writ of certiorari was once issued by judicial grace but as long ago as 1906, when Judge Woolley published his treatise on Delaware practice, it was granted "of course". Woolley, Delaware Practice § 894. And that rule is codified by current statute, 10 Del.C. § 562.

▇▇▇ In an action begun by complaint the Prothonotary issues the appropriate writ commanding the sheriff and/or the parties to take certain specific action. Superior Court Rule 4(a). A certiorari proceeding, at least that under § 1353(b), contemplates that a judge rather than a clerk will issue the appropriate order to the sheriff and/or the agency whose conduct is to be reviewed. But this does not change the substance of what is involved because the writ issues as of right. In our view, the permissive language in § 1353(b) relates only to the form of the petition on its face. If it is, *prima facie,* complete, the mandatory language of 10 Del.C. § 562 must be followed (". . . writs of . . . certiorari . . . shall be granted of course . . ."). Compare 10 Del.C. § 142 under which a writ of certiorari issues of right out of the Supreme Court, Castner v. State, Del.Supr., 311 A.2d 858 (1973).

▇▇▇ Turning now to the statute, § 1353(b) merely provides that the Court is to fix the time within which the return must be made. Nothing is said therein about the right of a petitioner to secure an alias writ. The statute is simply silent on this point. Superior Court Rule 4(a) Del. C.Ann., of course, is not; it provides a time limit (six months) within which an alias writ may issue. That Rule has the effect of statutory law, 10 Del.C. § 561, and, in our view, it can and should be read with § 1353(b). In short, the time period for an alias under Rule 4(a) Del.C.Ann. governs a certiorari writ. And in saying this we point out that a writ of certiorari has the same purpose as process issued by the Prothonotary under Rule 4(a) Del.C. Ann.: it is an essential procedural step to bring the action into the Superior Court for determination.

This result is consistent with the strong trend to accelerate disposition of matters presented to a court for determination. One way of doing this is to reasonably limit the period within which the parties may seek judicial review by appeal or otherwise. The time for appeal to this Court, for example, has been reduced in recent years from six months to thirty days. 10 Del.C. § 145. Certainly six months is a generous time within which to routinely secure an alias writ without giving any reason therefor. And Superior Court Rule 6(b) Del.C.Ann. permits even enlargement of that time when cause is shown.

### III

It is undisputed that petitioners secured the issue of an alias writ more than six months after the return day of the preceding writ. The judgment of the Superior Court must, therefore, be reversed under a mandate directing such further proceedings as that Court deems appropriate and which are not inconsistent with this opinion. Compare Giles v. Rodolico, Del.Supr., 1 Storey 143, 140 A.2d 263 (1958).