Lewis W. POE, Petitioner below, Appellant,

v.

Violet C. POE, Respondent below, Appellee.

Superior Court of Delaware,
Kent.

Jan. 24, 1975.

William S. Hudson, Dover, for appellant.

Wilmer C. Bettinger, Dover, for appellee.

## OPINION

BUSH, Judge.

The motion before this Court is a request for a dismissal of an appeal from an award of custody by Family Court. The grounds for dismissal of this appeal is the failure of appellant to perfect the appeal according to the rules of Delaware Superior Court.

In June of 1973, Lewis Poe petitioned the Family Court for custody of the two minor children of his prior marriage to Violet Poe. After a trial on the issue, Family Court denied Lewis Poe his petition on January 10, 1974.

On February 6, 1974, Lewis Poe filed a praecipe, a proposed appeal bond and a copy of the Family Court opinion with this Court. Violet Poe then moved for a dismissal of the appeal on the grounds that the appeal was not perfected according to the rules of Superior Court.

The position of appellee is that an appeal from Family Court is governed by either Rule 3 or Rule 72 of the Superior Court. Rule 3 applies to *de novo* appeals to Superior Court and requires the filing of a praecipe and a certified transcript of the record below within a specified period.

In addition, if the appellant is the party "having the duty of filing the complaint or other first pleading on appeal, he shall file such pleading with the praecipe and the transcript of the record."

Rule 72 of Superior Court applies to "appeals to the Superior Court from all Commissions, Boards or Courts from which an appeal may at any time lie to the Superior Court to be tried or heard on the record made below." The rule contemplates an appeal being taken by the filing of a notice of appeal.

Appellant, however, disputes the application of either Rule 3 or Rule 72 as the sole procedural means by which he could perfect his appeal. He cites 10 Del.C. §§ 960 and 961 as setting out the means of appeal from Family Court. 10 Del.C. § 961 sets out the law of appeals from custody orders and requires that an appeal be taken within thirty days and that surety for costs be provided. It is appellant's contention that the language of 10 Del.C. § 960(a) that "there shall be the right of appeal as provided by law to the superior court" takes the appeal out of the purview of the Rules of Superior Court and places it within the applicable sections of the Delaware Code instead.

Appellant reasons that since he has complied with the "procedure" as outlined by 10 Del.C. §§ 960 and 961, his appeal has been perfected. Appellant's reliance on the statutory grant of a right of appeal has caused him, however, to overlook the necessity of complying with the procedural rules of the Court to whom the appeal is being taken.

Nowhere in the statutory provisions cited by appellant is there an express and complete set of procedures for appeal to the Superior Court. 10 Del.C. §§ 960 and 961 set out the right of appeal from Family Court and also set forth the general requirements of surety and a thirty-day limitation for an appeal. Nowhere, however, is a specific method of procedure for appeal set out, i. e., what manner of documents are to be filed and who must be notified of the appeal.

■ Since the legislature has not provided us with a complete procedural method of appeal, it is clear that the Rules of the Superior Court apply to the case at hand. The legislature has granted the right of appeal to Superior Court but such appeal must conform to the procedural requirements of Superior Court.

The question to be resolved then is which of the Superior Court rules applies here? The General Assembly of Delaware provided by law that the Family Court is a court of record. 10 Del.C. § 903. In the case at bar, a complete record of the proceedings was made at appellant's own request. An appeal on the record is governed by Rules of the Superior Court and is the procedure to be followed if this Court were to hear this appeal on the record.

■ Appellant, however, asks us to construe 10 Del.C. § 961(c) as mandating a de novo hearing in this matter. It should be noted that 10 Del.C. § 961(c) states that "any judge of the superior court may rehear the case." The use of the word "may" is significant. In construing a statute the use of the word "may" instead of "shall" has a settled meaning. "Shall" signifies a mandatory requirement (Delaware Citizens for Clean Air, Inc. v. Water and Air Resources Commission, Del.Super., 303 A.2d 666 (1973)), while "may" evokes a discretionary reading.

■ Although the statute itself is not clear, the use of the discretionary "may" and the fact that Family Court was intend-

ed to be a court of record lend weight to the construction of the statute as providing for, but not requiring a de novo appeal. A full record being available in this case, this Court finds Rule 72 to be applicable.

■ An application of requirements of Rule 72 to the case at hand show that a crucial element in compliance with the rule was omitted by appellant. A notice of appeal as specified by the rule was not filed. The consequence of this failure is a dismissal of the appeal.

A dismissal is mandated by the conclusion of the Delaware Supreme Court that an appeal not perfected within the statutory time warrants dismissal:

It is fundamental that the appellate jurisdiction of this court rests wholly upon the perfecting of an appeal within the period of limitations fixed by law. Fisher v. Biggs, Del.Supr., 284 A.2d 117 at 118 (1971).

In light of appellant's failure to perfect his appeal within the statutory time period, this Court does not have the requisite appellant jurisdiction. Therefore, the appeal is dismissed.

It is so ordered.