**HUSBAND, P, Petitioner-Appellant,**

**v.**

**WIFE, P, Respondent-Appellee.**

Supreme Court of Delaware.

Submitted Nov. 12, 1975.

Decided Nov. 21, 1975.

William C. Wagner, II, Dover, for petitioner.

Wilmer C. Bettinger, of Schmittinger & Rodriguez, P. A., Dover, for respondent.

Before HERRMANN, Chief Justice, DUFFY and McNEILLY, Justices.

DUFFY, Justice.

This is a custody case involving two children, ages 16 and 13. The Family Court denied custody to petitioner and he appealed to the Superior Court. That Court dismissed the appeal because it had not been perfected within the statutory period. Del.Supr. 333 A.2d 403 (1975). The principal question at issue in the appeal is whether petitioner was entitled to a trial *de novo* in the Superior Court.

I

The custody petition was filed in the Family Court on June 14, 1973 and a hearing was held on November 20, 1973. The Family Court filed its opinion on January 10, 1974; on January 24, 1975 the Superior Court filed its opinion granting the motion to dismiss the appeal. The last brief was filed in this Court on August 25, 1975.

It is obvious from the chronology that this case is not only stale but mooted in fact by passage of time. We note, for example, that petitioner no longer resides in Delaware and the children are two years older than they were at the time of trial. Since a custody order by its nature is never *res judicata* and may be reopened by a parent at any time as a matter of right, *In re Two Minor Children,* Del.Supr., 173 A.2d 876 (1961), it is inappropriate and unnecessary for this Court to now make a ruling as to the Superior Court review of a Family Court hearing held more than two years ago. Accordingly, on the Court's own motion the appeal will be dismissed but without prejudice to any new action which petitioner may file for custody of the children.

II

The issues relating to appellate review by the Superior Court of a custody case have been fully briefed and argued and, because of the importance of the matter to the administration of justice, we deem it advisable to provide general guidelines for future cases.

The appellate procedure is governed by two statutes, 10 Del.C. § 921 and 10 Del.C. § 961, which provide as follows:

"§ 921. The [Family] Court shall have exclusive original civil jurisdiction in all proceedings in this State concerning:

.    .    .    .    .    .

(3) Enforcement of any law of this State or any subdivision or any regulation promulgated by a governmental agency, or any petitions or actions, for the    .    .    .    custody    .    .    .    of children;

.    .    .    .    .    ."

"§ 961. (a) Any order of the [Family] Court relative to the custody of any child shall be subject to review.

.    .    .    .    .    .

(c) Any Judge of the Superior Court may rehear the case; and for that purpose shall cause the child to be brought before him, and also the witnesses on behalf of the State and the custodian, and upon such rehearing, the Judge of the Superior Court shall make such order in the matter as he deems proper.

. . . . . . "

Section 921(3) is part of a general statute enacted in 1971 expanding and redefining the civil jurisdiction of the Family Court in significant ways. See 58 Del.L. ch. 116. Prior thereto, subject matter jurisdiction in custody cases was divided between the Superior Court and the Family Court, that is, a petition for custody could be filed in either Court. Now, however, with the enactment of § 921(3) "exclusive original civil jurisdiction in all proceedings" in custody cases is vested in the Family Court. It follows from such specific language that the Superior Court no longer has original jurisdiction in those cases. Under § 961, however, that Court continues to have appellate jurisdiction of Family Court custody orders. Thus, the statute plainly states that "Any order of the [Family] Court relative to the custody of any child shall be subject to review." The "review" contemplated by that paragraph is defined in § 961(c), as follows: "Any Judge of the Superior Court may rehear the case . . .." Clearly, the language vests a permissive right in the Superior Court to hear the case again. It is equally clear that there is no mandate to do so.* In brief, the Court has a discretion to order a rehearing with its attendant production of the child and the witnesses.

In sum, an appeal on the record is the norm in a custody case with discretionary power in the Superior Court to order a rehearing. There is no right to a trial *de novo*.

This view accords not only with the enlarged civil jurisdiction of the Family Court, see 13 Del.C. § 507 (59 Del.L. ch. 567), with direct appeal to this Court, 13 Del.C. § 515, but it is also consistent with the strong trend to provide only one trial to litigants. And it is supported by recently enacted statutes governing in some detail the custody proceedings in the Family Court. 13 Del.C. § 721, etc.

\* \* \* \* \* \*

Appeal dismissed.

---

\* The appeal provisions of § 961 have remained substantially the same since at least 1953. See 48 Del.L. ch. 247 and prior to 10 Del.C. § 989.