John David **CHADWICK** and New Castle County Board of Adjustment, Defendants below, Appellants,

v.

Anthony **JANAMAN**, Plaintiff below, Appellee.

Supreme Court of Delaware.

Submitted Nov. 10, 1975.

Decided Dec. 23, 1975.

Harvey B. Rubenstein, Wilmington, for defendant below, appellant, John David Chadwick.

Joseph M. Bernstein, Asst. County Atty., Wilmington, for defendant below, appellant, New Castle County Bd. of Adjustment.

Francis S. Babiarz, Biondi & Babiarz, P. A., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

McNEILLY, Justice.

The sole issue in this appeal is whether a petition for a writ of certiorari, pursuant to 9 Del.C. § 1353, is "presented to the Superior Court" when filed with the Prothonotary.

### I

On October 25, 1974, the New Castle County Board of Adjustment granted a zoning variance to John David Chadwick. On November 22, 1974, Anthony Janaman filed with the Prothonotary * a petition to the Superior Court for review of the Board's decision. The petition was presented to a Judge of the Court on December 31, 1974.

* The Prothonotary is the Clerk of the Superior Court.

A writ of certiorari was allowed over Chadwick's objection that presentment of the petition was not timely under 9 Del.C. § 1353 which, he argues, requires such petitions to be presented to a Superior Court Judge, and not simply filed with the Prothonotary, within thirty days after the Board's decision.

### II

9 Del.C. § 1353 provides in part:

(a) "Any person aggrieved by any decision of the Board of Adjustment . . . may present to the Superior Court a petition duly verified alleging that such decision is illegal in whole

or in part, and specifying the grounds of illegality. The petition shall be presented within 30 days after the filing of the decision in the office of the Board."

(b) "Upon the presentation of the petition, the Court may allow a writ of certiorari directed to the Board of Adjustment, to review the decision of the Board . . . ."

Rules 72 of the Civil Rules of the Superior Court provides:

"(a) *Application of Rule.* This Rule shall apply to appeals to the Superior Court of all Commissions, Boards or Courts from which an appeal may at any time lie to the Superior Court to be tried or heard on the record made below.

(b) *How Taken.* When an appeal is permitted by law, and within the time prescribed, a party may appeal by filing a notice of appeal with the Prothonotary of the appropriate County."

Rule 5(e) of the Civil Rules of the Superior Court provides:

"(e) *Filing with the Court defined.* The filing of pleadings and other papers with the Court as required by these Rules shall be made by filing them with the Prothonotary, except that the Judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and transmit them to the office of the Prothonotary."

10 Del.C. § 562, which codified the common law rule, provides:

"The Superior Court may frame and issue all remedial writs, including writs of habeas corpus and certiorari, . . . . all writs shall be granted of course . . . ."

Judicial action is clearly required under § 1353(b) before the appropriate order will issue to the Board; and, to the extent that it may be applicable here, *Board of Adjust-*

*ment v. Barone,* Del.Super., 314 A.2d 174 (1973), relied upon by appellants, says no more. But because the writ is granted "of course" if the form of the petition is *prima facie* complete, because under Rule 5(e) the Prothonotary is the Superior Court's Clerk and agent for accepting pleadings and other papers, and because Rule 72 requires Notice of Appeal to be filed with the Prothonotary in an appeal from a board to be heard on the record, we find it illogical and inconsistent that § 1353 should require the unusual procedure urged by appellant. A presentation "to the Superior Court", under § 1353 is timely when filed with the Court's Clerk. Certiorari to the Superior Court is, in effect, an appeal, differing only by being confined to the record and requiring a mere ministerial act on the part of a judge in ordering issuance of the writ.

Accordingly, we agree with the decision of the Court below, and its reliance upon *Nepi v. Lammot,* Del.Super., 2 Storey 281, 156 A.2d 413 (1959), that the running of the time period was stopped by the filing of the petition with the Prothonotary.

Affirmed.

DUFFY, Justice (dissenting):

I regret that I cannot join in the Court's Opinion.

As I see it, the appeal raises a narrow issue in statutory construction and, briefly stated, it is this: Does filing a petition for certiorari with the Prothonotary comply with the requirement of 9 Del.C. § 1353? In my view, it does not for several reasons:

First, the Statute requires, not a "filing" but a presentment; it states that the petition "shall be presented."

Second, there is a significant difference between merely filing a paper with the Clerk of the Court and "presenting" it, which implies a request for judicial action.

That difference was noted by Judge Maris in *Williams v. Todman,* 3 Cir., 367 F.2d 1009 (1966), when he wrote:

> "There may be a vast difference between filing a petition in a court, which ordinarily means lodging it in the clerk's office to remain there until action on it is called for, and presenting it to the court, which usually means bringing it to the attention of the judge, by motion or otherwise, for action. . . . The latter is clearly what is required by section 412, in addition to mere filing, but is what the plaintiff wholly failed to do . . . ."

In short, "present" is a technical term which means to submit for judicial action. See the cases at 33A *Words and Phrases* (perm. ed.) p. 8.

Third, "presentation" of the petition is essential to establish jurisdiction in the Superior Court. Merely lodging it in the Prothonotary's office is not enough. No process is issued and, indeed, there is no defendant until an order is signed by a Superior Court Judge. And while such an order is signed "of course," the Judge must be satisfied that the petition is *prima facie* complete and he must determine what order is appropriate under the circumstances.

Fourth, requiring a petitioner to present the application for judicial action within the statutory period is fair.* The petitioner, who was the loser below, should not be permitted to cast a cloud over the Board of Adjustment proceeding simply by filing a paper in the office of the Prothonotary where it may remain for an indeterminate time. I am unaware of any instance in which a Clerk of Court has a duty, in a contested situation, to "present" an order for signature by a Judge to establish jurisdiction. Putting that burden on a petitioner-loser is reasonable and, in may view, is required by 9 Del.C. § 1353. And doing so would expedite the review process. Compare *Board of Adjustment of New Castle*

*County v. Barone,* Del.Supr., 314 A.2d 174 (1973).

I would reverse the judgment of the Superior Court.

* There is, of course, no duty on a Judge to act on the petition within a specified period.