LANDIS SUPPLY OF DELAWARE,
Plaintiff-Below, Appellant,

v.

JOSEPH A. CAPALDI, INC.,
Defendant-Below, Appellee.

Superior Court of Delaware,
New Castle County.

Argued May 7, 1980.

Decided May 15, 1980.

Alene S. Berkowitz, Wilmington, for appellant.

Eliot Alazraki, Wilmington, for appellee.

BALICK, Judge.

This is a motion to dismiss an appeal from the Court of Common Pleas in a civil action. The narrow issue is whether the day the judgment is entered is counted in computing the 15 day period for filing an appeal. The broader concern is the uncertainty of the procedure for filing an appeal.

The position of the appellee is as follows: 10 *Del.C.* § 1318 gives the right to appeal "in the same manner as is provided by law as to causes tried before justices of the peace . . . ." 10 *Del.C.* § 9571(a) says that "an appeal shall be allowed by the justice at any time within 15 days from the day of giving the judgment and not after, counting that day as one . . . ." The statutory method of computing the time for filing an appeal prevails over the method provided by Superior Court Civil Rule 6(a). *Williams v. Singleton*, Del.Supr., 160 A.2d 376 (1960). Since the judgment was entered on November 1, 1979 and the appeal was filed on November 16, 1979, it was one day late and must therefore be dismissed.

The position of the appellant is as follows: 10 *Del.C.* § 561 provides that "Superior Court . . . may . . . adopt . . . general rules which prescribe . . . procedure with respect to the commencement . . . of civil actions in the Superior Court" and that the "rules so adopted . . . shall . . . supersede all statutory provisions in conflict or inconsistent therewith." *Williams v. Singleton* does not control because it involved an appeal from a justice of the peace court, which is taken by giving security within 15 days in the justice of the peace court, and the statute therefore governs; whereas an appeal from the Court of Common Pleas is taken by filing a notice of appeal with the Prothonotary within 15 days, and the method provided in the Superior Court rules of computing the 15 day period of time therefore supersedes the conflicting statutory method. Since Superior Court Rule 6(a) provides that the day that the judgment was entered shall not be included, the notice of appeal was filed on the 15th day and the motion to dismiss the appeal should therefore be denied.

The statutes and court rules do not establish a clear method of taking an appeal from the Court of Common Pleas in civil actions. The source of the confusion is 10 *Del.C.* § 1318, which provides as follows:

"From any order, rule, decision, or judgment of the Court in a civil action, the aggrieved party shall have the right of appeal to the Superior Court of the State in and for the county in which the judgment was rendered in the same manner as is provided by law as to causes tried before justices of the peace, except

that appeals to the Superior Court shall be reviewed on the record and shall not be tried de novo. The Superior Court shall have the power to implement this section by rule." (underlining added)

The underlined part of the statute was simply added to the already existing part that is not underlined when appeals from the Court of Common Pleas were changed from appeals de novo to appeals on the record. 56 Del. Laws c. 240 § 7 (1968). The difficulty is that appeals from justices of the peace are de novo and the procedure for de novo appeals necessarily differs from the procedure for appeals on the record.

Appeals from justices of the peace are governed by 10 *Del.C.* §§ 9570–9575. As mentioned above, § 9571 provides that the appeal shall be allowed by the justice within 15 days. With regard to having the appeal entered in the Superior Court, § 9573(a) says as follows:

"The appellant shall have his appeal entered in the Superior Court of the county where the judgment was given within the time and in the manner provided by the rules of that Court, and the Prothonotary shall docket the action and issue process in accordance with the rules of the Court. When the appeal is entered, the Superior Court shall have jurisdiction and take cognizance thereof, and the pleadings and proceedings thereafter shall be as in other civil actions commenced in the Court, except as otherwise provided in this section."

Superior Court Civil Rule 3(c), which governs appeals de novo, provides that "an action is commenced in the Superior Court by the appellant filing with the Prothonotary a praecipe and a certified transcript of the record within 20 days of the date of the allowance of the appeal . . . and thereafter the pleadings shall proceed as in other actions." I note that the reference to appeals from Courts of Common Pleas in this rule has remained unchanged from the time when those appeals were de novo.

On the other hand, Superior Court Civil Rule 72, which governs appeals on the record, provides that when "an appeal is per-

mitted by law, and within the time prescribed, a party may appeal by filing a notice of appeal with the Prothonotary of the appropriate county." Unlike appeals de novo, appeals on the record do not thereafter "proceed as in other actions." Rule 72 provides instead for the filing of "a certified copy of the record of the proceedings below, including a typewritten copy of the evidence," briefs, and argument.

Thus, appeals from the Court of Common Pleas cannot, strictly speaking, be processed "in the same manner as is provided by law as to causes tried before justices of the peace." At least since 1977 when Court of Common Pleas Civil Rule 72 on appeals was amended, the practice has been to proceed under Superior Court Civil Rule 72, with the 15 day time period provided in 10 *Del.C.* § 9571 for appeals from justice of the peace courts as the "time prescribed." There is ample statutory authority for allowing Superior Court Civil Rule 72 to govern on this matter of procedure in face of the ambiguity and uncertainty of the statutory language, and the current practice should continue until the confusion is corrected by amendment.

Since an appeal from the Court of Common Pleas in civil actions is commenced by filing a notice of appeal with the Prothonotary within 15 days of the entry of judgment, and not by the allowance of an appeal by the Court of Common Pleas within 15 days and filing of a praecipe and a certified transcript of the record in the Superior Court within 20 days thereafter, Superior Court Rule 6(a) governs the computation of the 15 day period of time prescribed.

For these reasons, the motion to dismiss the appeal is denied.