**COASTAL RESORTS PROPERTIES, INC., a Delaware Corporation, Petitioner,**

**v.**

**BOARD OF ADJUSTMENT OF the CITY OF REHOBOTH BEACH and City of Rehoboth Beach, Respondents.**

Superior Court of Delaware,
Sussex County.

Submitted: Oct. 28, 1988.
Decided: Nov. 29, 1988.

Board of Adjustment's Motion To Dismiss. Denied.

Norman C. Barnett, of Schab & Barnett, Georgetown, for petitioner.

Kathi Ann Karsnitz, Esquire, of Young, Conaway, Stargatt & Taylor, Georgetown, for respondents.

## OPINION

CHANDLER, Judge.

The petitioner, Coastal Resort Properties, Inc. ("Coastal"), filed this action seeking review of a decision of the Board of Adjustment of the City of Rehoboth Beach ("Board"). Respondent Board has moved to dismiss the appeal on the grounds that Coastal failed to comply with Superior

Court Civil Rule 72 ("Rule 72") in perfecting the appeal and that the appeal requests relief in the form of a declaratory judgment and a revocation of stop work order, remedies which cannot be granted on an appeal from a board of adjustment's decision. This is the Court's decision on respondent Board's motion.

In February, 1986, Coastal applied for, and received from the City of Rehoboth Beach ("City"), a building permit to renovate two buildings. In August, 1987, the City's acting building inspector issued a stop work order, contending Coastal's work on the buildings was in violation of the City's zoning code and the issued building permit. Coastal appealed this action to the Board, and also requested a variance. On July 22, 1988, the Board held a hearing on Coastal's requests, and a week later the Board affirmed the acting building inspector's decision and denied the request for a variance.

On August 30, Coastal filed a verified petition pursuant to 22 *Del.C.* § 328[1], in which it sought the issuance of a writ of certiorari, a reversal of the Board's decision, revocation of the City's stop work order, the issuance of a declaratory judgment determining that the stop work order was invalid, and other relief. Attached to this petition was a praecipe instructing the Prothonotary to issue a summons to serve respondents Board and the City with the petition.

On September 7, the Prothonotary issued the requested summons to the Sheriff of Sussex County ("Sheriff") and on September 8 the Sheriff served the summons and complaint on the Board and the City. On September 14, the Prothonotary prepared a citation for the record of the Board. After Coastal paid an additional fee for the is-

---

1. 22 *Del.C.* § 328 provides:

"(a) Any person or persons, jointly or severally aggrieved by any decision of the board of adjustment, ... may present to the Superior Court a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition shall be *presented to the Court within 30 days after the filing* of the decision in the office of the board.

(b) Upon the presentation of the petition, the Court may allow a writ of certiorari directed to the board to review such decision of the board and shall prescribe therein the time within which a return thereto must be made and served upon the relator's attorney, which shall not be less than 10 days and may be extended by the Court. * * *

(c) The Court may reverse or affirm, wholly or partly, or may modify the decision brought up for review."

suance of a writ of certiorari on or about September 23, the Prothonotary issued a writ of certiorari and a citation in certiorari, and the Sheriff served both on the Board and City on September 30.

The Board then moved for an order dismissing the petition, on the following grounds: (1) the petition did not comply with Rule 72, and (2) the petitioner seeks relief in the forms of a declaratory judgment and a revocation of stop work order, remedies not available pursuant to an appeal from the Board's decision in the matter. In its letter memorandum in support of its motion, the Board argues that Coastal's praecipe was improper to commence an appeal under Rule 72 in that it instructed issuance of a summons and not issuance of a citation. According to the Board, a praecipe must be filed with a notice of appeal under Rule 72, and the issuance of an incorrect praecipe causes the entire appeal to be defective.

■ The first question is whether Coastal followed the correct procedure in appealing the Board's decision. Coastal's petition complies with 22 *Del.C.* § 328. The Board argues that Coastal should have followed Rule 72 and by failing to do so, failed to perfect its appeal. Although the designation "Notice of Appeal" did not appear anywhere on the document, the petition's contents complied with the requisites of Rule 72(c). *See generally Chadwick v. Janaman,* Del.Supr., 349 A.2d 742 (1975) (where the Supreme Court notes that a petition pursuant to 9 *Del.C.* § 1353 [2] was filed; implied in the opinion is the determination that this petition constituted a notice of appeal under Rule 72).

However, I also find that even if the petition did not comply with Rule 72(c), the petition's compliance with 22 *Del.C.* § 328 is sufficient to constitute an appeal. Although a certiorari proceeding constitutes an appeal on the record, *Chadwick v. Jana-*

*man, supra,* Rule 72 governs except to the extent an applicable appeal statute requires different procedures. *Application of International Acceptance Co.,* Del.Super., 280 A.2d 733 (1971). In 22 *Del.C.* §§ 328–332, a specific method of procedure for appeal is set out, and if a party complies with this procedure, then the appeal is perfected. *See Poe v. Poe,* Del.Super., 333 A.2d 403, *appeal dismissed,* Del.Supr., 348 A.2d 327 (1975) (holding that because the Legislature had not provided for a specific method of procedure for an appeal from the Family Court, the Superior Court Rules applied). If an aspect of a procedure is unclear under the appeals statute, then the parties may turn to the Superior Court Rules for clarification. *Board of Adjustment of New Castle Cty. v. Barone,* Del. Supr., 314 A.2d 174 (1973); *Landis Supply, Etc. v. Joseph A. Capaldi, Inc.,* Del.Super., 415 A.2d 497 (1980).

■ The Board's argument that Coastal's praecipe was improper to commence an appeal under Rule 72 [3] is meritless since petitioner was not required to comply with Rule 72. However, the Board's argument raises a different question—whether Coastal should have filed with its petition a praecipe instructing the issuance of a writ of certiorari.

Because 22 *Del.C.* § 328 requires only the filing of a petition seeking a writ of certiorari and because the statute does not call for the issuance of a writ of certiorari until after the Court acts upon it, Coastal need not have filed a praecipe instructing the issuance of a writ of certiorari when it filed the petition pursuant to 22 *Del.C.* § 328. The statute is clear on this procedural issue; thus Superior Court Civil Rule 3(a) does not apply. *Application of International Acceptance Co., supra. See Board of Adjustment of New Castle Cty. v. Barone, supra; Landis Supply, Etc. v. Joseph A. Capaldi, supra.* I conclude that

---

**2.** The decisional law under 9 *Del.C.* § 1353 applies to 22 *Del.C.* § 328 because the statutes are so similar. *Cooch's Bridge Civic Ass'n v. Pencader Corp.,* Del.Supr., 254 A.2d 608, 609, n. 4 (1969).

**3.** Actually, no praecipe is required upon filing notice of appeal pursuant to Rule 72. According to Rule 72(e), the Prothonotary issues a citation upon the filing of the notice of appeal. Appeals on the record are unlike appeals *de novo,* which require the filing of a praecipe pursuant to Rule 3(c).

Coastal followed the correct procedure in filing its appeal.

■ Although Coastal has initiated the appeal correctly, the facts show the existence of a procedural issue needing resolution in order for the appeal to progress. Section 328(b) of Title 22 specifies that the Court, and not the Prothonotary, executes an order instructing the issuance of a writ of certiorari. In *Chadwick v. Janaman, supra,* the Delaware Supreme Court determined that a corresponding provision, 9 *Del.C.* § 1353(b), requires *judicial* action before the appropriate order will issue to a board of adjustment. The writ is granted "of course" if the form of the petition is *prima facie* complete. *Chadwick v. Janaman, supra.* Thus, Coastal now should submit an order for this Court's signature instructing the issuance of a writ of certiorari so that this appeal might progress.

■ The next issue is whether Coastal may seek a revocation of the City's stop work order or the issuance of a judgment declaring the stop work order invalid. Review of a Board of Adjustment's decision is governed by 22 *Del.C.* § 328. The statute is clear as to the Court's powers: it may reverse, affirm or modify the Board's decision. 22 *Del.C.* § 328(c). Also, the Superior Court may remand the case to the Board of Adjustment to make specific factual determinations. *Boyd v. Heffron, et al.,* Del. Super., C.A. No. 87A–JN–7, 1987 WL 28314, Stiftel, J. (December 11, 1987). *See, e.g., Wilson v. Pencader Corp.,* Del.Supr., 199 A.2d 326 (1964); *Kwik–Check Realty Co. v. Board of Adjust., Etc.,* Del.Super., 369 A.2d 694 (1977), *aff'd.,* Del.Supr., 389 A.2d 1289 (1978); *Mavratonis v. Board of Adjustment,* Del.Super., 258 A.2d 908 (1969). The Superior Court's powers are limited to the above functions. Although the Court, should it reverse or modify the Board's decision, may in effect revoke the stop work order and determine that the City's decision was wrong, Coastal cannot specifically ask for the revocation of the stop work order or seek a declaratory judgment. The Court, therefore, strikes these requested remedies. Since the City is a party only because of these erroneously requested remedies, the Court dismisses the action as to the City.

For the foregoing reasons, the Court allows the petitioner to proceed with this appeal as filed without the requested prayers for relief of a revocation of the stop work order and a declaration that the City's decision to issue the stop work order was invalid and without the City as a party.

An Order consistent with this Opinion has been entered.

### ORDER

For the reasons set forth in this Court's Opinion entered in this case on this date, it is

ORDERED:

1. Respondent Board of Adjustment of the City of Rehoboth Beach's Motion to Dismiss this appeal is *DENIED.*

2. Petitioner Coastal Resort Properties, Inc's. request for an Order revoking the City of Rehoboth Beach's stop work order in this matter or the issuance of a declaratory judgment determining such stop work order's validity is *STRICKEN* from the petition in this appeal.

3. The appeal is *DISMISSED* as to the City of Rehoboth Beach.